IN THE MATTER OF THE ANNEXATION PROPOSED BY
ANNEXATION ORDINANCE NO. X-02-74, BEING AN ORDINANCE
TO ANNEX CERTAIN TERRITORY TO THE CITY OF FORT
WAYNE AND TO INCLUDE SAME IN COUNCILMANIC
DISTRICT NO. 2.   JOHN J. MCGAHARAN, ET AL.
*v.* CITY OF FORT WAYNE, INDIANA

[No. 3-977A226. Filed November 1, 1978. Rehearing denied
November 30, 1978. Transfer denied February 7, 1979.]

*Bruce R. Snyder, Bloom & Bloom,* of Fort Wayne, for appellants.

*Clifford E. Simon, Jr.,* of Fort Wayne, for appellee.

HOFFMAN, J. — John McGaharan and others (appellants) remonstrated against annexation of certain territories known as Glenwood Park Extended and Summit Ridge Addition, by the City of Fort Wayne. The City was granted summary judgment and the remonstrators appeal.

The depositive issue of this appeal is whether or not the trial court erred in finding that the remonstrance was invalid for lack of a requisite number of signators representing 51% of all persons owning property in the territory sought to be annexed.

The following facts give rise to this appeal:

In 1968 the Common Council of Fort Wayne passed Annexation Ordinance No. X-03-68 and a remonstrance thereto was filed. For various reasons that action lay dormant for several years. In 1974 the City's Common Council enacted Annexation Ordinance X-02-74 in accordance with updated annexation statutes that had been revised by the Indiana Legislature in 1969. The 1974 ordinance sought to annex substantially the same area as the 1968 ordinance, which had been specifically repealed therein. Thus, the first remonstrance was rendered moot and in September of 1974 appellees filed this action. Thereafter numerous pleadings were filed and a pretrial conference was set but postponed several times. Counsel for the city then discovered the existence of certain sewer contracts containing a waiver of the right to remonstrate against annexation. The City filed a motion for summary judgment, maintaining that 533 of the 572 signatures on the remonstrance were invalidated by the sewer contracts and thus that the remonstrance was insufficient.

On March 29, 1977, a hearing was held on the motion. The City submitted documentation and supporting memorandum. The affidavit of an Assistant Vice President of Lincoln National Bank and Trust Company showed the bank as record titleholder of all lots in Summit Ridge Addition and Sections I and II of Glenwood Park Extended in 1963. The affidavit of the Chief Water Pollution Control Engineer of Fort Wayne showed that as a result of contracts entered into by Lincoln National Bank as trustee of said property and the City, sanitary sewers were installed which service all of Summit Ridge Addition and Glenwood Park Extended. The affidavit included the name and address of each property owner served in these areas. A certificate from the Allen County Auditor certified for the areas in question (1) the total number of property owners as 501, (2) the total number of property owners represented in the remonstrance as 284, (3) the percentage of property owners remonstrating as 56%, and (4) the assessed valuation of remonstrator's

property as 49%. The court found the remonstrance to be insufficient based upon this and other evidence adduced at the hearing and the City entitled to summary judgment, there being no question of fact raised by the insufficient remonstrance. Specific findings of fact and conclusions of law were entered on April 1, 1977.

Appellants contend on appeal that the summary judgment ruling was improper and contrary to law. Summary judgment is a procedural device enabling prompt disposition of cases where there is no genuine issue of material fact to be determined in a trial. *Hayes v. Second Nat. Bank of Richmond* (1978), 176 Ind.App. 299, 375 N.E.2d 647.

In a contest of the propriety of annexation the trial court is charged with first passing judgment upon the standing of the parties to maintain the litigation through an examination of the sufficiency of the remonstrance.

*Board of Trustees, etc. v. City of Fort Wayne* (1978), 268 Ind. 415, 375 N.E.2d 1112;

*Bata Shoe Co., Inc. et al. v. City of Salem et al.* (1972), 153 Ind.App. 323, 287 N.E.2d 350.

Thus the City properly framed the question of whether the court had subject matter jurisdiction over this action in its motion for summary judgment.

Such issue may be raised at any point during litigation and if not raised by the parties it is the duty of the reviewing court to determine the issue *sua sponte. McGraw v. Marion County Plan Commission* (1961), 131 Ind.App. 686, 174 N.E.2d 757. In spite of appellants' contention that jurisdiction was waived per an earlier stipulation, the issue was appropriate for the court's determination, as subject matter jurisdiction cannot be waived or conferred by consent or agreement of the parties. *Carpenter v. State* (1977), 266 Ind. 98, 360 N.E.2d 839. Without a valid remonstrance, regardless of any previous stipulations the court cannot proceed further. *Engle et al. v. City of Indianapolis* (1972), 151 Ind.App. 344, 279 N.E.2d 827.

Contracts between the City and Lincoln National Bank as record titleholder for construction of sewage lines were entered into in 1963

and pursuant to the requirement of Chapter 182 of the Acts of 1955 contained the following provisions:

"The Developer, for itself, its successors in title and assigns, waives and releases any and all rights which it may now or hereafter have to remonstrate against or otherwise object to, interefere with or oppose any pending or future annexation by City of any territory now or hereafter owned by it, as described in Article 3 herein, or hereafter served by said sewer or any extension thereof.

"In further consideration and to induce City to execute and ratify this contract, said Developer for itself, its successors and assigns agrees by this contract to vest in City the permanent right at its discretion to annex to the City of Fort Wayne at any future time by duly authorized ordinance the said real estate described in Article 3 herein.

\* \* \* \* \*

"Any owner or owners of land which is now, or hereafter located outside the corporate limits of City who connect into the sewer constructed hereunder shall be deemed to thereby waive his, her, their or its right to remonstrate against or otherwise object to, interfere with or oppose any pending or future annexation by City of such land or of the territory in which it is located or of the area served by said sewer."

These contracts, one for the area known as Glenwood Park Extended and one for the Summit Ridge Addition area, were duly recorded in the Office of the Recorder of Allen County. Thus, each subsequent owner of real estate in either of these areas is charged with constructive notice of the waiver of the right to remonstrate so as to be deemed to have also waived that right. *Residents of Green Springs Val. v. Town of Newburgh* (1976), 168 Ind.App. 621, 344 N.E.2d 312. Having complied with the statutory requirements mandating such provisions as part of the consideration running to the City and having duly recorded the contracts, the right to remonstrate was validly waived by the predecessors in title of 533 individuals who had signed the remonstrance. Through the affidavits of the Acting Chief Water Control Engineer and the Allen County Auditor the court could ascertain which property owners were precluded from contesting the annexation. The remaining signatures were insufficient as a matter of law to challenge the ordinance. IC 1971, 18-5-10-24 (Burns Code Ed.). The court was then without jurisdiction to proceed further.

Although not favoring this Court with any authority for their contention, appellants seek to challenge the title held by Lincoln National Bank and Trust Company as trustee of the property at the time the sewer contracts were negotiated, maintaining that the trust agreements were merely passive and therefore the sewage contracts ineffective. Without deciding whether the trust agreements were passive or not, assessment of the conduct of the parties gives rise to an estoppel operating in favor of the City. The property owners here who claim title through the trustee bank are precluded from challenging that title for to hold otherwise may work the unequitable result of denying a benefit to the City which was provided in the contract, mandated by law, and which it has a valid, good faith right to expect. 31 C.J.S., Estoppel, § 59 *et seq.* Thus, where the appellants have long accepted the use and benefit of sewage systems provided by the City of Fort Wayne through reliance on such contracts, they must be estopped from questioning the title of their predecessors in interest at this late date.

Accordingly, summary judgment in favor of appellee City must be affirmed.

Affirmed.

Garrard, P.J. and Staton, J. concur.

NOTE — Reported at 381 N.E.2d 1093.