**Debra LIPGINSKI (now Hopkins) Appellant,**

v.

**Albert & Norma LIPGINSKI, Appellees.**

**No. 4–884A234.**

Court of Appeals of Indiana, Fourth District.

April 23, 1985.

---

2. N.Y.Civ.Pract.Law § 207.

3. Mich.Comp.Laws Ann. § 600.5853.

4. Ind.Code 34–1–2–6.

Cecile A. Blau, Mary Ann Guenther, Fifer, Vogt & Lanum, Jeffersonville, for appellant.

MILLER, Presiding Judge.

On January 4, 1984, Albert and Norma Lipginski filed a petition to establish visitation rights of grandparents pursuant to IND.CODE 31–1–11.7–1 *et seq.* The petition was filed to establish visitation with minor children Angela Dee Hopkins and Jason Earl Hopkins. These children were

in the custody of their natural mother Debra Hopkins, the former wife of petitioners' son, William L. Lipginski. Debra had remarried and her present husband, William J. Hopkins, had adopted the children on May 16, 1978 with consent of the natural father.

Debra Hopkins filed a Motion to Dismiss the petition which was denied. After a hearing on the merits, the trial court entered the following judgment on April 26, 1984:

> "The Court now finds that it is in the best interest of the Children, Angela D. Hopkins and Jason Hopkins, that the grandparents' Petition for Visitation Rights should be and is now granted; further, that such grandparents shall have visitation as follows: the first weekend of each month beginning with the month of May, commencing at 10:00 a.m. Saturday through 6:00 p.m. Sunday and all other times mutually agreeable with both parties, with a review of this decision to be held in one year as to whether or not visitation should be continued expanded or terminated with the Court looking to evidence as to the effect of the grandparents' visitation, whether beneficial or detrimental to the children, as there was no expert testimony or evidence presented at the hearing in the instant that visitation would have a detrimental affect on the children, but only contradictory testimony from each of the parties as to their personal viewpoint."

Debra Hopkins filed a motion to correct errors which was denied as premature and this appeal followed.[1]

The dispositive issues of this appeal are as follows:

1. Whether the trial court erred as a matter of law in concluding that the motion to correct errors filed by Debra Lipginski should be denied because it was premature?

1. The Lipginskis have instructed their attorney not to file a respondent's brief and to do nothing further in this matter.

2. Whether the petitioners, Norma and Albert Lipginski are within the class of those who have the right to file a petition for grandparents' visitation rights under IND.CODE 31–1–11.7–1?

## DECISION

Except as to interlocutory orders, appeals may only be taken from final judgments. *James v. Board of Commissioners of Hendricks County* (1979), 182 Ind.App. 697, 396 N.E.2d 429. Generally, a final judgment is one which disposes of all of the issues as to all the parties and puts an end to the matter in question. *Thompson v. Thompson* (1972), 259 Ind. 266, 286 N.E.2d 657.

In this case the trial court declared in its order that it "now finds ... that the grandparent's petition for visitation rights should be and is now granted." The trial court's order then sets forth the details of visitation, adding that a "review" of the decision is to be "held in one year as to whether or not visitation should be continued, expanded, or terminated...."

In their response to Debra Hopkins's Motion to Correct Errors, the Lipginskis argued the review provision precludes the court's order from being a final order and Debra's Motion to Correct Errors was filed prematurely. The trial judge apparently agreed as he denied her motion to correct errors by simply stating that it was "premature," without stating further reason.

We disagree. Notwithstanding the provision for a review in one year, we find this to be a final disposition of the subject matter of the litigation before the court. The order effectively denied Debra Hopkins of any means of further defending her rights in the action. The review provision did not continue the cause or otherwise delay a final order, thus preventing an appeal. All grandparent visitation orders are subject to modification at any time it

would be in the best interests of the child. IND.CODE 31–1–11.7–8. This is analogous to child custody cases where the court has jurisdiction throughout the minority of the children to modify the custody order in the best interest of the child. *Krieg v. Glassburn* (1981), Ind.App., 419 N.E.2d 1015. If a provision for review were to prevent such orders from becoming final, there would be no appeals from such decisions. We must conclude that any statement by the trial judge as to future review of grandparent visitation rights is mere surplusage already authorized by statute. Consequently, we find the trial court's order of April 26, 1984 to be a final order from which Debra Hopkins may appeal. The trial court erred in holding her motion to correct errors was filed prematurely.

We next address Debra Hopkins' contention that the Lipginskis did not have the right to file a petition for visitation rights under the grandparent visitation act. I.C. 31–1–11.7–1 *et seq.*[2] This statute creates certain grandparental visitation rights with respect to grandchildren in the custody of one parent. The relevant portion of the statute, IND.CODE 31–1–11.7–2(b), reads as follows:

"(b) A child's paternal grandparent may seek visitation rights if:

(1) the child's father is deceased; or

(2) the marriage of the child's parents has been dissolved in Indiana and the child's mother has legal custody of the child."

"Maternal or paternal grandparent" is defined by IND.CODE 31–1–11.7–1 as:

"(1) the adoptive parent of the child's parent;

(2) the parent of the child's adoptive parent; and

(3) the parent of the child's parent."

Debra Hopkins argues the Lipginskis, as parents of the child's former parent, are none of the above and are not entitled to file a petition for visitation rights. She

---

**2.** The Lipginskis have conceded that the controlling Indiana law in this area is the Grandparent's Visitation Act, IND.CODE 31–1–11.7–1 *et*

*seq.* by filing their petition which asks for visitation rights under the statute.

further contends that deletion of parents or former parents was not mere legislative oversight, but is required to keep the grandparent's visitation statute from usurping the intent of the adoption statute which is to sever all previous family ties.

The relationship of the grandparent visitation rights and adoption was recently addressed in *In re Visitation of Menzie* (1984), Ind.App., 469 N.E.2d 1225, *trans. pending.* In *Menzie* the child's natural mother died and the child's father remarried. The maternal grandmother was granted visitation rights under I.C. 31–1–11.7–1. Thereafter, the father's second wife adopted the child. The father and adoptive mother then filed a petition to terminate the maternal grandmother's visitation rights. In discussing the effect of adoption, the *Menzie* court stated:

> " 'a decree of adoption severs forever every part of the parent and child relationship; severs the child entirely from its own family tree and engrafts it upon that of another.' *Matter of Adoption of Thomas,* (1982) Ind.App., 431 N.E.2d 506, at 513; *Bristow et al. v. Konopka,* (1975) 166 Ind.App. 357, at 361, 336 N.E.2d 397, at 400; *In re Adoption of Bryant v. Kurtz et al.,* (1963) 134 Ind.App. 480, at 487–488, 189 N.E.2d 593, at 597. This rule means that upon an adoption, the adoptive parent is the actual parent of the child. There can be no other conclusion."

*In re Visitation of Menzie, supra* at 1227. The court went on to hold that adoption cut off previously granted visitation rights because the adoptive mother was now the child's parent. Thus, the conditions precedent to the maternal grandmother's right of visitation under 31–1–11.7–2, death of the child's mother, or dissolution of the marriage of the child's parents, no longer existed.

Here the effect of adoption is the same. It removes a condition precedent to the Lipginski's right to seek visitation under the statute. The children's parents are now William J. Hopkins and Debra Hopkins. The Lipginskis are not related to either parent by blood or adoption as required by I.C. 31–1–11.7–1. Consequently, they do not have a right under the statute to seek visitation. The trial court is in error.

Reversed.

CONOVER and YOUNG, JJ., concur.