STATE of Indiana on the Relation of S. Anthony LONG, Prosecuting Attorney of Warrick County, Indiana, Relator,

v.

The WARRICK CIRCUIT COURT and the Honorable Donald G. Hendrickson, as Judge Thereof, Respondents.

No. 87S00–9112–OR–991.

Supreme Court of Indiana.

May 13, 1992.

Robert R. Aylsworth, Deputy Pros. Atty., Boonnville, for relator.

Theodore Lockyear, James A. Kornblum, Lockyear & Kornblum, Evansville, for respondents.

James D. Humphrey, Chairman, Indiana Prosecuting Attorneys Council, Lawrenceburg, Richard P. Good, Jr., Indiana Prosecuting Attorneys Council, Indianapolis, for Indiana Prosecuting Attorneys Council.

CIVIL ORIGINAL ACTION

DeBRULER, Justice.

In September, 1991, respondent court received two letters, one purportedly signed under the penalties of perjury, alleging misfeasance by a county employee and requesting a special prosecutor. Long, the local prosecutor, relator here, was described as having a conflict of interest calling for his disqualification because he was also county attorney and county Democrat chairman.

Respondent filed the letters as a petition, thereby commencing an action. He immediately submitted the petition for a decision, taking judicial notice of relator's official duties as prosecutor, county attorney and Democrat chairman, and pursuant to I.C. 33–14–1–6(b)(2)(A),(B), as it existed at the time, found a conflict by clear and convincing evidence, and appointed a special prosecutor to investigate the allegations of misfeasance.

Relator's motion in the trial court to vacate this order was denied. In this original action in this Court, with one Justice dissenting, a permanent writ was granted requiring the order to be vacated and any further proceedings to be conducted at a hearing with notice to Relator. This opinion provides the reasons for that writ.

The proviso referred to above permits a court to disqualify the prosecutor for a particular case or grand jury investigation when:

\*　　\*　　\*　　\*　　\*　　\*

(A) a person files a verified petition requesting the appointment of a special prosecutor; and

(B) the court finds by clear and convincing evidence that the appointment is necessary to avoid an actual conflict of interest or there is probable cause to believe that the prosecutor has committed a crime.

\*　　\*　　\*　　\*　　\*　　\*

Relator claims that the court was bound to give him notice and an opportunity to be heard before granting a petition under this provision. Respondent claims that he was not so bound.

It will be observed that the above proviso stands between two others, one authorizing appointment when the prosecutor agrees and the other when the prosecutor so requests. Participation of the prosecutor is expressly required in those two instances. Such express requirement is missing from the above quoted proviso.[1]

 The proviso does however require the trial court to employ the clear and convincing evidence standard. This standard is most common where stakes are higher than normal and proceedings are adversarial in nature, i.e., where some testing of factual predicates occurs or an opportunity to so test is foreborne. Clearly, the prosecutor, the embodiment of the community will to justly enforce the criminal laws, is the proper party to confront allegations supporting disqualification. *State ex rel. Latham v. Spencer Circuit Court* (1963), 244 Ind. 552, 194 N.E.2d 606. Furthermore, the import of the statute as a whole is significant. It incorporates a recognition of the grave nature of disqualification and the goal of comprehensively restraining disqualifications to situations of real need. *Crose v. State* (1985), Ind.App., 482 N.E.2d 763. Upon the foregoing considerations, we find that this proviso, by necessary implication, requires a hearing to be conducted upon the verified petition and that the prosecutor be afforded an opportunity, tailored to the specific circumstances, to be heard on the issue. On this reasoning, the permanent writ was granted.

SHEPARD, C.J., and DICKSON, and KRAHULIK, JJ., concur.

GIVAN, J., would deny.

---

1. I.C. 33–14–1–6(b)(2)(B) has now been amended so as to afford the notice and opportunity

---

which we previously have required by this permanent writ. P.L. 136–1992, Section 1.