Lonzo J. ABSHER, Gregory R. Willian, James K. Roland, Daniel L. Dean, Donald Graf, Terry Scott, Paul A. Harris, Robert B. Click, & Jerry Landers and Walter Crum, et al., Appellant–Plaintiffs,

v.

CLARK COUNTY RURAL ELECTRIC MEMBERSHIP CORPORATION and The Board of Directors of the Clark County Rural Electric (Membership Corporation), D. Scott Cook, Joe J. Weber, Candace S. Meyer, Carl Popp, Charles Heil, Glen Reis, and Randall Moser Individually and as Directors of the Clark County Rural Electric Membership Corporation, Appellee–Defendants.

No. 10A04–9302–CV–51.

Court of Appeals of Indiana, Fourth District.

Feb. 22, 1994.

Rehearing Denied April 12, 1994.

Transfer Denied July 19, 1994.

David E. Mosley, Charles Gregory Read, Jeffersonville, for appellant-plaintiffs.

David S. Richey, Charles W. Ritz III, James A.L. Buddenbaum, Parr Rickey Obremskey & Morton, Indianapolis, David A. Lewis, Doehrman & Lewis, Jeffersonville, for appellee-defendants.

CHEZEM, Judge.

## Case Summary

Plaintiff-appellant Lonzo Absher, et al. ("Absher") appeals the decision of the trial court to dismiss his complaint against the Clark County Rural Electric Membership Corporation ("REMC") for failure to state a claim upon which relief can be granted under Indiana Trial Rule 12(B)(6). We affirm.

## Issue

Absher presents one issue for review: Whether the trial court properly dismissed Absher's complaint for failure to state a claim upon which relief could be granted.

## Factual and Procedural History

Absher and his fellow plaintiff-appellants are members of the REMC. On October 15, 1991, Absher filed a complaint against the REMC, its board of directors and certain individual directors ("directors"). The trial court dismissed the complaint and Absher filed an amended complaint on April 1, 1992. The trial court dismissed the amended complaint on October 16, 1992, pursuant to T.R. 12(B)(6). Additional facts will be supplied where necessary.

## Discussion and Decision

A motion to dismiss under T.R. 12(B)(6) is made to test the legal sufficiency of the claim, not the supporting facts. *Gray v. Westinghouse*, (1993), Ind.App., 624 N.E.2d 49, 52, *reh'g denied*. On review, we deter-mine whether the complaint states any allegation upon which relief could be granted. *Id.* A complaint can not be dismissed under T.R. 12(B)(6) unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *Id.* We must take the facts alleged in the complaint as true and determine whether, in a light most favorable to the plaintiff, the complaint is sufficient to constitute a valid claim. *Id.*

Absher's lengthy and confusing amended complaint contains six counts.[1] Counts I–IV appear to be based on a negligence theory because they use terms such as, "breach of duty" and "causal" connections. Count I alleged that the directors breached their fiduciary duty to the members by creating unlawful subsidiary corporations to the REMC, which caused damages to be incurred to the REMC and its members. Count II alleged the directors breached their fiduciary duties by obtaining loans and encumbering assets without prior approval of the Indiana Utilities Regulatory Commission, which caused economic damage to the REMC and its members. Count III alleged that the directors breached fiduciary duties by unsound, imprudent and unbusinesslike practices, which caused damage to the REMC and its members. Count IV alleged that the directors breached fiduciary duties and violated the Rural Electric Membership Corporation Act, Ind.Code § 8–1–13–17, by not returning excess funds to members and by spending funds on projects not necessary to REMC operations.

Even taking Absher's allegations in Counts I–IV as true, he fails to state valid claims. The economic losses of which Absher complains are not recoverable under a negligence theory because purely economic interests are not entitled to protection against mere negligence. *Jordan v. Talaga* (1989), Ind.App., 532 N.E.2d 1174, 1181, *reh'g denied, trans. denied* ("where there is no accident, and no physical damage, and the only loss is a pecuniary one, ... the courts

---

1. We direct Absher's counsel to Indiana Trial Rule 8(A)(1), which requires a short and plain statement of the claim, showing that the plaintiff is entitled to relief. In the instant case, the complaint was voluminous and, at times, incomprehensible. Additionally, plaintiffs did not in-corporate by reference the first rhetorical paragraphs, nor did any of the counts contain a prayer for relief. The prayer for relief at the end of the complaint is unclear as to which counts it refers or what damages are to be paid by whom, or under what legal theory.

have adhered to the rule … that purely *economic interests* are not entitled to protection against mere negligence.").

■ Absher contends that the directors' conduct constituted *ultra vires* actions without approval of the members. Indeed, the confusing nature of the complaint makes this argument possible. However, under the REMC Act, only actions which deal with amendment of the REMC articles of incorporation require member approval. Because the actions alleged did not involve the articles of incorporation, the complaint also fails to state a valid claim under an *ultra vires* theory. The members' proper recourse against directors with whose methods they disagree is to vote for new directors in the next election. The trial court properly dismissed Counts I–IV.

■ Count V alleged that the board of directors denied members access to board meetings and to the minutes and records of meetings and, therefore, violated the member's rights to inspect records and attend meetings. We must give effect to the plain and ordinary meaning of statutory language. *Coons v. Kaiser* (1991), Ind.App., 567 N.E.2d 851, 852, *reh'g denied.* The REMC Act defines and establishes the authority of REMCs. Indiana Code § 8–1–13–1 et seq. The REMC act does not give members the right to attend board meetings, nor does it give them the right to access board minutes and records. The basis for Absher's allegation is the Not–For–Profit Act, Ind.Code § 23–7–1.1–13, which was repealed effective August 1, 1991. Ind.Code § 23–7–1.1–13 provided members with the right to inspect the books and records of a non-profit corporation. It did not provide the right to attend board meetings. Absher posits that because REMCs are patterned after not-for-profit corporations, the Not–For–Profit Act should be applied to REMCs. We reject this contention.

We first note that this portion of the Not-for-Profit Act was repealed before Absher filed his complaint and was not replaced by amendment as were other portions of the Act. Even though Absher urges that this court has previously applied principles of private corporate law to REMCs, the Not–For–Profit Act was not in effect at the time of this litigation. Further, we can not find any instance where it has been applied in this context to REMCs by this court. Second, if the legislature had seen fit to include these access rights, it would have enumerated them in the REMC Act or incorporated by reference portions of the Not–For–Profit Act.

Absher complains that he and his fellow members should not be required to vote for directors without access to the information he seeks. However logical Absher's contention might be, it is the providence of the legislature, not this court, to rewrite the REMC Act to include the rights to access to board meetings, minutes and files. Finally, although Absher does not argue its application, we note that Indiana's Open Door Law, Ind.Code § 5–14–1.5–1, does not include REMCs in its definition of public agencies and, therefore, will not support Absher's complaint. The trial court properly dismissed Count V.

■ Finally, Count VI alleged that the board of directors and certain individual directors made material misrepresentations of fact in hearings and in a newsletter to members, which caused damage to members. Absher urges us to equate his use of the term "misrepresentations of fact" in his amended complaint with the concept of bad faith. Sound logic prevents us from doing so.

The REMC Act states that "[a] director … is not personally liable while acting in good faith for the acts or omissions of the [REMC]." Ind.Code § 8–1–13–27(b). Unlike other statutes, the REMC Act does not authorize derivative actions by members. The only action the REMC Act authorizes against directors is for failure to act in good faith. We have previously held that the absence of good faith is bad faith, but bad faith is not simply bad judgement or negligence. *Young v. Williamson* (1986), Ind.App., 497 N.E.2d 612, 617, *reh'g denied, trans. denied.*

An allegation of bad faith is not included in Absher's amended complaint; rather, he alleges that there were several misrepresentations of fact. Absher offered up the concept

of bad faith for the first time in his response to defendant's motion to dismiss. Even then, he conceded that he was reluctant to allege bad faith and only contended that the evidence *might* constitute bad faith. Absher's amended complaint merely alleges that the members received incorrect information from the board of directors and some individual directors. He does not allege that the directors knew they were giving out incorrect information, that they had malicious intent or that they did not intend to benefit the corporation. *See United Professional Planning, Inc. v. Superior Court of Orange County,* 9 Cal.App.3d 377, 88 Cal.Rptr. 551, 556 (1970); *Silliman v. International Life Ins. Co.,* 135 Tenn. 646, 188 S.W. 273 (1916). Taking Absher's contention that the directors gave out incorrect information as true, he still fails to allege the bad faith required to sustain a valid claim. The trial court properly dismissed Count VI.

Affirmed.

RILEY and BAKER, JJ., concurring.