In re Matter of the Investigation of Stephen GOLDSMITH, Leon Younger, et al.

Susan WILLIAMS and Rozelle Boyd, Appellants,

v.

Scott NEWMAN, Appellee.

No. 49A02–9702–CV–108.

Court of Appeals of Indiana.

Sept. 9, 1997.

Publication Ordered Oct. 17, 1997.

---

Aaron E. Haith, Susan D. Burke, Indianapolis, for Appellants–Petitioners.

Mark S. Massa, Indianapolis, for Appellee–Respondent.

## OPINION

ROBERTSON, Judge.

Susan Williams and Rozelle Boyd (the Petitioners) appeal the dismissal of their amended verified petition for the appointment of a special prosecutor with respect to a proposed investigation of Stephen Goldsmith, Leon Younger, and others. The current Marion County Prosecutor, the Honorable Scott Newman, filed a motion to dismiss the petition, which the trial court ultimately granted. The Petitioners claim that the trial court should not have dismissed their petition because Prosecutor Newman would have an actual conflict of interest were he to head the proposed investigation. We reverse and remand for a hearing.

Special prosecutors may be appointed only in accordance with Ind.Code 33–14–1–6. I.C. 33–14–1–6(a). A circuit or superior court judge:

(2) may appoint a special prosecutor if:

(A) a person files a verified petition requesting the appointment of a special prosecutor; and

(B) the court, after:

(i) notice is given to the prosecuting attorney; and

(ii) an evidentiary hearing is conducted at which the prosecuting attorney is given an opportunity to be heard;

finds by clear and convincing evidence that the appointment is necessary to avoid an actual conflict of interest or there is probable cause to believe that the prosecutor has committed a crime

. . .

I.C. 33–14–1–6(b).

The Petitioners, who are members of the City–County Council, filed an initial verified petition for appointment of a special prosecutor under the above subsection of I.C. 33–14–1–6. They claimed that Prosecutor Newman would have an actual conflict of interest were he to lead the proposed investigation. They caused a summons to be issued to Prosecutor Newman. Counsel for Prosecutor Newman entered an appearance in the case and filed a motion to dismiss under Ind.Trial Rule 12(B)(6). The motion to dismiss asserted that the Petitioners had failed to state a claim upon which relief could be granted. The trial court eventually granted the motion to dismiss.

The Petitioners then filed an amended verified petition for special prosecutor. The amended petition contained allegations simi-

lar to those in the initial petition. The Petitioners claimed that a recent lawsuit in the United States District Court for the Southern District of Indiana contained allegations of several acts of malfeasance on behalf of Indianapolis Mayor Stephen Goldsmith, independent contractors engaged by the Goldsmith administration, and the staff of Mayor Goldsmith, concerning the Mayor's privatization of the Indy Parks Department, City Golf Courses, and government services, which, if true, would constitute violations of Indiana's criminal laws. The Petitioners claimed that Prosecutor Newman would have an actual conflict of interest were he to head an investigation of all persons involved for several reasons. Among those reasons, the Petitioners included a claim that Prosecutor Newman may have received fundraising benefits and campaign contributions from persons who had engaged in the alleged violations of Indiana's criminal laws. Counsel for Prosecutor Newman again filed a motion which requested dismissal under T.R. 12(B)(6). The trial court ultimately granted the motion to dismiss, and the Petitioners appeal the dismissal.

Petitioners first claim that the trial court improperly granted the motion to dismiss because a motion under T.R. 12(B)(6) is not available for a petition which seeks the appointment of a special prosecutor under I.C. 33–14–1–6(b)(2). In support of their claim, the Petitioners assert that, among other things, an elected prosecutor is not a party to such a proceeding.

■ During oral argument before this Court, the Petitioners acknowledged that an elected prosecutor may contest a petition for a special prosecutor, by means of a motion under T.R. 12(B)(6), where a petitioner has not followed the mandates of I.C. 33–14–1–6. They also conceded that an elected prosecutor is a proper party to the proceedings. We agree that an elected prosecutor is a proper party to a proceeding which seeks the appointment of a special prosecutor. *See State ex rel. Long v. Warrick Circuit Court,* 591 N.E.2d 559, 560 (Ind.1992) (citing *State ex rel. Latham v. Spencer Circuit Court,* 244 Ind. 552, 194 N.E.2d 606 (1963)). We therefore proceed to discuss whether T.R. 12(B)(6)

is available in a proceeding which seeks the appointment of a special prosecutor.

■ Our trial rules govern the procedure and practice in all courts of the state of Indiana in all suits of a civil nature whether cognizable as cases at law, in equity, or of statutory origin. T.R. 1. The applicability of T.R. 12(B)(6) does not hinge upon whether the statute requires a "petition," or some other caption, for the claim for relief. *See generally, Matter of Adoption of H.S.,* 483 N.E.2d 777, 780–781 (Ind.Ct.App.1985) (one who seeks the benefit of a statutory proceeding must comply with all procedural terms of the statute, and failure to comply with such niceties will subject the complaint [here, a petition for adoption] to dismissal for failure to state a claim pursuant to T.R. 12(B)(6)). We conclude that a dismissal under T.R. 12(B)(6) is appropriate for a petition which requests the appointment of a special prosecutor under I.C. 33–14–1–6(b)(2).

The Petitioners claim that the grant of a T.R. 12(B)(6) motion was not appropriate on this record. We agree.

■ A motion to dismiss under T.R. 12(B)(6) tests the legal sufficiency of the claim, not the facts which support it. *Absher v. Clark County Rural Electric,* 629 N.E.2d 870, 871 (Ind.Ct.App.1994), *trans. denied.* Review of a dismissal under T.R. 12(B)(6) is *de novo,* and thus deference is not required with regard to the trial court's decision. *Wilhoite v. Melvin Simon & Associates,* 640 N.E.2d 382, 384 (Ind.Ct.App.1994). On review, we determine whether the complaint states any allegation upon which relief could be granted. *Absher,* 629 N.E.2d at 871. We evaluate the complaint in the light most favorable to the plaintiff with every intent regarded in his favor. *Runde v. Vigus Realty, Inc.,* 617 N.E.2d 572, 575 (Ind.Ct.App.1993). A complaint cannot be dismissed under T.R. 12(B)(6) unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *Absher,* 629 N.E.2d at 871. Notice pleading means that a plaintiff need only plead the operative facts involved in the litigation. *South Eastern Indiana Natural Gas v. Ingram,* 617 N.E.2d 943, 951 (Ind.Ct.App.1993). Thus, a com-

plaint is sufficient if it states any set of allegations, no matter how inartfully pleaded, upon which the trial court could have granted relief. *Runde,* 617 N.E.2d at 575. These same principles apply to a petition for special prosecutor.

As noted above, the Petitioners claimed that Prosecutor Newman would have an actual conflict of interest were he to head the proposed investigation because Prosecutor Newman may have received fundraising benefits and campaign contributions from persons who have engaged in the alleged violations of Indiana law. One court has described an actual conflict of interest as where an attorney places himself in a situation inherently conducive to divided loyalties. *Mitchell v. Maggio,* 679 F.2d 77, 79 (5th Cir.1982). Such a description of an actual conflict of interest is appropriate in the present case. We conclude that the petition in the present case sufficiently alleges an actual conflict of interest based upon divided loyalties.

The elected prosecutor owes a loyalty to his office. Prosecutor Newman should use his office to investigate criminal activity. Prosecutor Newman also has an interest in protecting the office from benefits and contributions which stem from criminal activity.

The elected prosecutor also owes a loyalty to the public. The public expects Prosecutor Newman to investigate criminal activity, and the public would not condone circumstances under which his office received benefits and contributions which stem from criminal activity.

One could conclude from the Petitioners' allegations that Prosecutor Newman has an interest in not conducting an investigation of the matters in question because to do so could reveal to the public that he has received benefits and contributions which stem from criminal activity. One could also conclude that such an interest is in actual conflict with Prosecutor Newman's general interest in the investigation of criminal activity.

Prosecutor Newman could credibly argue that he actually has an interest in conducting an investigation of the matters in question despite any revelations to the public. Prosecutor Newman's interest in the duties of his office likely overcome any concerns he might have about how the public might react to any tainted benefits or contributions. We only state that it does not appear to a certainty that the Petitioners would not be entitled to relief under any set of facts. One could initially conclude that the potential for an actual conflict of interest exists.

We emphasize that the Petitioners have merely demonstrated potential for an actual conflict of interest. We note that the statute requires them to prove their contentions by clear and convincing evidence. If they do so, then the statute provides that the trial court "may" appoint a special prosecutor. I.C. 33–14–1–6.

At this point, the Petitioners have not had the opportunity to present facts on the record which would support their claim that Prosecutor Newman received benefits and contributions which stem from others engaged in criminal activity. The statute allows them such an opportunity.

For the reasons stated, the trial court improvidently granted the motion to dismiss. It does not appear to a certainty that the Petitioners would not be entitled to relief under any set of facts. The statute allows the Petitioners to pursue discovery and garner a hearing. We therefore reverse the grant of the motion to dismiss and remand for a hearing on the amended petition.

Judgment reversed and remanded for a hearing.

BAKER and NAJAM, JJ., concur.

### ORDER

This Court having heretofore handed down its opinion in this cause marked "Memorandum Decision, Not for Publication"; and

The appellants, by counsel, having thereafter filed their Petition for Publication; this Court having thereafter issued its order requiring the appellee to show cause why the appellants' Petition for Publication should not be granted and the appellee having thereafter filed his reply to the order to show cause, all of which are more particularly in the following words and figures, to-wit:

(H.I.)

And the Court, having examined these matters and being duly advised, now finds that the appellant's Petition for Publication should be granted and that this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The appellants' Petition for Publication is granted and this Court's opinion heretofore handed down in this cause on September 9, 1997 marked "Memorandum Decision, Not for Publication" is now ordered published.