**Gary COLLARD and Kathy Collard, Appellants–Petitioners,**

v.

**Derrell J. ENYEART, Jr. and Cindy L. Enyeart, Appellees–Respondents.**

**No. 48A05–9905–CV–198.**

Court of Appeals of Indiana.

Nov. 5, 1999.

Patrick R. Ragains, Smith, Ragains & Cotton, Anderson, Indiana, Attorney for Appellant.

Robert W. Rock, Anderson, Indiana, Attorney for Appellee.

## OPINION

ROBB, Judge

Gary and Kathy Collard (collectively the "Collards") appeal the trial court's order dismissing their petition seeking visitation with M.E., the adopted child of Derrell and Cindy Enyeart (collectively the "Enyearts"), under the Grandparent Visitation Act (the "Act").[1] We affirm.

### Issue

The Collards raise one issue for our review, which we restate as whether the trial court properly dismissed the Collards' petition for grandparent visitation with M.E.

### Facts and Procedural History

The facts most favorable to the judgment reveal that in 1987, the Collards' daughter gave birth to M.E. The Collards later adopted M.E. In 1993, the Collards gave their consent for the Enyearts to adopt M.E. The consents by the Collards contained a provision for weekly visitation with M.E. The decree granting adoption, however, terminated the Collards' parental rights and did not contain any provision for visitation. After the Collards exercised visitation for some period of time,

their relationship with the Enyearts soured.

In 1996, the Collards brought an action wherein they requested relief from the decree and requested visitation. In the alternative, the Collards requested that the adoption of M.E. by the Enyearts be set aside. The trial court found that the Collards were not entitled to relief on the merits and that they did not timely pursue their request for relief from the 1993 decree. This court later affirmed the trial court's denial of the Collards' claims. *Collard v. Enyeart*, 48A04–9708–CV–333, 691 N.E.2d 522 (Ind.Ct.App. Feb. 9, 1998).

Thereafter, the Collards filed a petition with the trial court seeking grandparent visitation with M.E. under the Act. In response, the Enyearts filed a motion to dismiss which was later granted by the trial court. This appeal ensued.

### Discussion And Decision

The Collards contend that the trial court erred in dismissing their petition to visit M.E. under the Act. Specifically, the Collards argue that because their daughter was the mother of M.E., they are his grandparents and thus, have standing under the Act to petition the trial court for visitation. Further, they argue that their adoption of M.E. did not terminate their status as his grandparents. We disagree.

### I. Standard of Review

 A motion to dismiss[2] under Indiana Trial Rule 12(B)(6) tests the legal sufficiency of the claim, not the facts which support it. *Absher v. Clark County Rural Electric Membership Corp.*, 629 N.E.2d 870, 871 (Ind.Ct.App.1994), *trans. denied.* Review of a dismissal under Trial Rule 12(B)(6) is de novo, and thus def-

---

1. Ind.Code § § 31–17–5–1 to–10.

2. We note that the Enyearts moved to dismiss the Collards' petition to the trial court for grandparent visitation under the Act pursuant to Indiana Trial Rule 12(B)(1), (2), (6), and (8). R. 15. The Court granted the Enyearts' motion to dismiss without designating which subsection of the rule served as the basis for

the dismissal of the Collards' petition. R. 25A. The issue of standing is properly raised via a Trial Rule 12(B)(6) motion, for a party's lack of standing will deprive a court of jurisdiction over a particular case. *Browning v. Walters*, 620 N.E.2d 28, 31 (Ind.Ct.App.1993). Thus, we will review the trial court's order dismissing the Collards' petition under Trial Rule 12(B)(6).

erence is not required with regard to the trial court's decision. *Wilhoite v. Melvin Simon & Associates, Inc.,* 640 N.E.2d 382, 384 (Ind.Ct.App.1994). On review, we determine whether the complaint states any allegation upon which relief can be granted. *Absher,* 629 N.E.2d at 871. We evaluate the complaint in the light most favorable to the plaintiff with every intent regarded in his favor. *Runde v. Vigus Realty, Inc.,* 617 N.E.2d 572, 575 (Ind.Ct.App.1993). A complaint cannot be dismissed under 12(B)(6) unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *Absher,* 629 N.E.2d at 871. To state a claim for relief, a complaint need only contain: (1) a short and plain statement of the claim; and (2) a demand for relief. *See* T.R. 8(A).

## II. Standing Under the Act

■■■■ The Collards contend that they have standing under the Act to petition the trial court for visitation with M.E. Standing refers to the question of whether a party has an actual demonstrable injury for purposes of a lawsuit. *Hammes v. Brumley,* 659 N.E.2d 1021, 1029 (Ind. 1995). It is a prudential limitation on the ability of individuals to seek redress in our courts. *Cablevision of Chicago v. Colby Cable Corp.,* 417 N.E.2d 348, 352 (Ind.Ct. App.1981). Standing "may be raised at any point during the litigation and if not raised by the parties it is the duty of the reviewing court to determine the issue sua sponte." *McGaharan v. City of Fort Wayne,* 178 Ind.App. 228, 381 N.E.2d 1093, 1095 (1978). The main purpose of standing is to insure that the party before the court has a substantive right to enforce the claim that is being made in the litigation. *Pence v. State,* 652 N.E.2d 486, 487 (Ind.1995). Standing remains an essential element in litigation which serves as a check on the exercise of judicial power by Indiana courts and thereby maintains our state constitutional scheme of separation of powers. *Id.* at 488. It mandates that the courts act in real cases, and refrain when

called to engage in abstract speculation. *Id.*

■■■■ The Collards assert that as his biological grandparents, they have a right to visit M.E. We have held that "[t]he only circumstances in which a grandparent may seek visitation rights are those enumerated in the Act." *Sightes v. Barker,* 684 N.E.2d 224, 226 (Ind.Ct.App.1997), *trans. denied.* Furthermore, grandparents *must* have standing to seek visitation of grandchildren under the Act. *Lockhart v. Lockhart,* 603 N.E.2d 864, 867 (Ind.Ct.App. 1992). If the Act does not provide standing for a particular class of grandparents to seek visitation rights, their petition must be denied as a matter of law. *Id.* The Act was enacted to strengthen familial bonds in an era which has seen a general disintegration of family bonds. *Sightes,* 684 N.E.2d at 231. The policy of the Act is to promote inter-generational contact and strengthen the bonds of the extended family when the nuclear family has been dissolved. *Id.*

■■■■ Before the enactment of the Act, grandparents could seek visitation as could other interested third parties under limited circumstances. *In re Visitation of J.O.,* 441 N.E.2d 991, 994 (Ind.Ct.App.1982). The Act was enacted in derogation of the common law, creating rights which had not previously existed. *In re Visitation of J.P.H.,* 709 N.E.2d 44, 47 (Ind.Ct.App. 1999). Where statutory acts create rights in derogation of the common law, the statute creating those rights must be strictly construed. *Wolf v. Boren,* 685 N.E.2d 86, 88 (Ind.Ct.App.1997), *trans. denied.*

The Act provides that:

(a) A child's grandparent may seek visitation rights if:

(1) the child's parent is deceased;

(2) the marriage of the child's parents has been dissolved in Indiana; or

(3) subject to subsection (b), the child is born out of wedlock.

(b) A court may not grant visitation rights to a paternal grandparent of a

child who is born out of wedlock under subsection (a)(3) if the child's father has not established paternity in relation to the child.

Ind.Code § 31–17–5–1. Additionally, Indiana Code section 31–17–5–9 allows visitation to survive adoption under the following circumstances:

Visitation rights provided for in section 1 or 10 of this chapter survive the adoption of the child by any of the following:

(1) A stepparent.

(2) A person who is biologically related to the child as:

(A) a grandparent;

(B) a sibling;

(C) an aunt;

(D) an uncle;

(E) a niece; or

(F) a nephew.

Our initial inquiry under the Act is whether the Collards are grandparents. Indiana Code section 31–9–2–77 defines grandparent as "the parent of the child's parent." Because the Collards' daughter had given birth to M.E., they had been his maternal grandparents.

■ However, the Collards terminated their rights under the Act as M.E.'s grandparents when they adopted him. Upon adoption, the adoptive parent is the actual parent of the child. *Lipginski v. Lipginski*, 476 N.E.2d 924, 927 (Ind.Ct.App.1985). Thus, when the Collards adopted M.E. they became his parents, and relinquished their status as his maternal grandparents. Because they were no longer M.E.'s grandparents, they had no standing under the Act to seek visitation, and this status was not restored to them when the Enyearts' adopted M.E.

The concurring opinion argues that the Collards' claim is barred by the claim preclusion branch of res judicata, not standing

by arguing that our decision to decide the Collards' claim on the doctrine of standing gives "the Collards false hope that other avenues may afford them the visitation they desire ...," and "effectively countenances continued litigation...." [3] Although we share the concern for preserving the tangible and intangible resources of the trial court, we believe that the Collards' claim must be decided on the doctrine of standing, not claim preclusion. Claim preclusion implies that had the Collards presented their claim under the Act in the first trial court proceeding, they would have succeeded. However, the claim fails in any proceeding of the trial court because the Collards lack standing to sue under the Act. Therefore, we must decide the Collards' petition to the trial court for visitation with M.E. under the Act on the issue of standing.

### Conclusion

Based on the foregoing, the trial court properly dismissed the Collards' petition for grandparent visitation with M.E. because they lacked standing as grandparents to sue under the Act.

Affirmed.

RILEY, J., concurs.

FRIEDLANDER, J., concurs in result with opinion.

### FRIEDLANDER, Judge, concurring in result

I concur in the result reached by the majority. Unlike the majority, I find it unnecessary to discuss the grandparent visitation statute or the statute regarding the limited circumstances when visitation survives an adoption. In my view the Collards' claim, in this second round of proceedings, is barred by the claim preclu-

---

**3.** The concurring opinion voices concern that our decision will result in the Collards filing a petition to the trial court for third party visitation with M.E. We, however, refuse to speculate on what future legal action the Collards might engage. However, if the Collards filed

a petition to the trial court for third party visitation with M.E., and satisfied both the standing and jurisdictional requirements, their claim would be barred by the claim preclusion branch of res judicata.

sion branch of res judicata. Our first decision finally determined between these parties all issues as to visitation and the efficacy of the adoption decree regarding M.E.

In the 1996 proceedings initiated by the Collards, they requested visitation. In the alternative, the Collards requested that the adoption be set aside. The trial court found that the Collards were not entitled to relief on the merits and that the Collards did not timely pursue their request for relief from the 1993 decree. The Collards appealed. This court affirmed the trial court's denial of the Collards' claims. The memorandum decision included the following footnote:

> We note for clarity that the parties do not raise nor do we rely upon statutory or precedential authority relating to grandparental visitation rights.

*Record* at 68.

The Collards then instituted the present action seeking grandparent visitation with M.E. The trial court granted the Enyearts' motion to dismiss the cause. In an apparent effort to explain their pursuit of visitation through additional legal proceedings, the Collards state: "Curiously, the Court [of Appeals] did not choose to consider the grandparent visitation statute and acknowledged that specifically by dropping [footnote] 1 . . . ." Appellant's Brief at 11. The Collards contend that they have placed the question "squarely before this Court." Appellant's Brief at 11.

The footnote is self-explanatory. The parties did not raise the question as to grandparent visitation in the first proceedings. Courts on review neither engage in speculation nor render advisory opinions. *See State ex rel. Goldsmith v. Superior Court of Marion County,* 463 N.E.2d 273 (Ind.1984). The footnote did not consti-

tute an invitation to the Collards to ignore their most recent status as the parents of M.E. whose parental rights were terminated through their consents to and the valid adoption of M.E. by the Enyearts. Moreover, the footnote did not invite further litigation on the matters determined in the first action. The footnote does not absolve the Collards of the duty to raise all aspects of a claim against the same parties in one proceeding.

The doctrine of res judicata consists of two distinct components, claim preclusion and issue preclusion. *Wedel v. American Elec. Power Serv. Corp.,* 681 N.E.2d 1122 (Ind.Ct.App.1997), *trans. denied.* Claim preclusion is applicable when a final judgment on the merits has been rendered and acts to bar a subsequent action on the same claim between the same parties. *Id.* "When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action." *Id.* at 1131.[4] For the claim preclusion component of res judicata to apply, four factors must be present:

> 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between parties to the present suit or their privies.

*Marsh v. Paternity of Rodgers by Rodgers,* 659 N.E.2d 171, 173 (Ind.Ct.App.1995).

In the first proceedings, the Collards requested visitation or relief from the adoption decree. Their new claim requests grandparent visitation. Although

---

4. I disagree with the majority's statement: "Claim preclusion implies that had the Collards presented their claim under the Act in the first trial court proceeding, they would have succeeded." Op. at 1160. I find no authority for the proposition that determining a claim on a component of res judicata implies anything as to the merits. In fact, res

judicata is employed without regard for the merits of claims. The purposes of res judicata are: "to bring finality to judicial proceedings and to prevent harassment of litigants who might otherwise be called upon to repeatedly defend against the same claim." *Johnson v. Anderson,* 590 N.E.2d 1146, 1150 (Ind.Ct.App.1992).

not raised within their petition or requests to the trial court in this proceeding, the Collards raise for the first time in their brief on appeal that, as an alternative to grandparent visitation, they should be entitled to establish a claim for third-party visitation.

In the first proceedings, the trial court made determinations on the merits regarding visitation and the validity of the adoption. Those determinations were affirmed on appeal. All matters as to the validity of the adoption and as to visitation were finally determined in the first proceedings and further action on those matters is foreclosed. The four factors necessary to establish the claim preclusion component of res judicata are present.

By choosing to address only whether the Collards have standing to pursue grandparent visitation and by ignoring the finality of the first decision in this cause, the majority leaves open the question whether other bases for visitation may be pursued by the Collards. I fear the majority decision effectively countenances continued litigation. As noted above, the Collards' brief in this appeal requests an opportunity and forecasts an intent to pursue third-party visitation with M.E. Now is the time to clearly state that our decision in the first appeal bars continued litigation as to visitation and the efficacy of the adoption.[5] To give the Collards false hope that other avenues may afford them the visitation they desire is wasteful of the parties' and the courts' tangible and intangible resources. I would affirm the trial court's ruling on the basis that the previous decision by this court finally determined all issues concerning visitation and the adoption decree.

---

5. I cannot reconcile the message of the majority decision with its footnote 3. The majority recognizes that, after this, other attempts at litigation on the visitation issue will be barred by res judicata. Clearly, the current litigation regarding visitation is also barred by res judicata.