**In the VISITATION OF
J.D.G., A Minor.**

**Raymond Schenkel and Sue
Schenkel, Appellants,**

v.

**David Gaunt, Appellee.**

**No. 02A03–0103–CV–67.**

Court of Appeals of Indiana.

Aug. 29, 2001.

Douglas E. Johnston, James J. Berles, Fort Wayne, Indiana, Attorneys for Appellants.

Timothy M. Pape, Larry L. Barnard, Miller, Carson, Boxberger & Murphy, Fort Wayne, Indiana, Attorneys for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Appellants–Petitioners Raymond and Sue Schenkel ("the Schenkels") appeal the denial of their petition for grandparent visitation with J.G., their biological grandson and the adoptive son of Appellee Respondent David Gaunt ("Gaunt"). We affirm.

### Issues

The Schenkels present two issues for review:

I. Whether the trial court erroneously found that the Schenkels lacked standing to pursue a claim under the Indiana Grandparent Visitation Statute; and

II. Whether the trial court erroneously found the Indiana Grandparent Visitation Statute unconstitutional.

Because the case may be resolved on standing, we do not reach the constitutional issue. *Indiana Wholesale Wine and Liquor v. State*, 695 N.E.2d 99, 107 (Ind. 1998).[1]

### Facts and Procedural History

Catherine Margaret Schenkel, the Schenkels's daughter, gave birth to J.G. on May 7, 1993. From the time of J.G.'s birth until Catherine's death in 1999, Gaunt, J.G. and Catherine lived together. Following Catherine's death, Gaunt initiated paternity proceedings to establish his paternity of J.G. However, DNA test results excluded Gaunt as the biological father of J.G.

The Schenkels and Gaunt each sought guardianship of J.G. Eventually, the par-

---

1. However, we observe that this Court recently addressed the constitutionality of the Indiana Grandparent Visitation Statute. *See Crafton v. Gibson*, 752 N.E.2d 78, 2001 WL 772207 (Ind.Ct.App.2001) (holding that the Indiana Grandparent Visitation Statute is not unconstitutional in light of *Troxel v. Granville*, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000)).

ties stipulated to Gaunt's sole guardianship of J.G., and the Schenkels were given visitation privileges. On January 26, 2000, Gaunt adopted J.G. On May 22, 2000, a hearing was held to address the Schenkels's request for post-adoption grandparent visitation. On August 25, 2000, the trial court adopted the findings of Magistrate Craig Bobay, which provided in pertinent part:

12. The present Indiana grandparent visitation statute, I.C. 31–17–5–1 *et seq.* runs afoul of the 14th Amendment to the United States Constitution for the reasons cited in *Troxel.*[2]

13. Regardless of the constitutional difficulties, the Indiana statute does not otherwise permit the Petitioners to seek visitation relief, as the child, [J.G.], was not adopted by any person categorized in the statute. See I.C. 31–17–5–9. Accordingly, the grandparent visitation rights that otherwise may be provided for in the statute do not survive the adoption of the child, [J.G.], by David Lee Gaunt, who is not a stepparent, grandparent, sibling, aunt, uncle, niece or nephew of [J.G.]. *See* I.C. 31–17–5–9.

14. This harsh result of applying the law to the facts of this case indicates that the Indiana legislature ought to revisit the state's entire grandparent visitation and adoption scheme.

(Appendix 8.) On September 25, 2000, the Schenkels filed a Motion to Correct Error. A hearing was held on November 1, 2000. On February 1, 2001, the trial court denied the Motion to Correct Error. The Schenkels now appeal.

## Discussion and Decision

The trial court found that the Schenkels lacked standing to seek post-adoption visitation rights. Standing refers to the question of whether a party has an actual demonstrable injury for purposes of a lawsuit. *Collard v. Enyeart,* 718 N.E.2d 1156, 1159 (Ind.Ct.App.1999), *trans. denied.* The main purpose of standing is to insure that the party before the court has a substantive right to enforce the claim that is being made. *Id.* In order to seek visitation rights with grandchildren, grandparents must have standing to seek those rights under the Grandparent Visitation Statute. *In re the Visitation of J.P.H.,* 709 N.E.2d 44, 46 (Ind.Ct.App.1999). If the grandparents lack standing, their petition must be denied as a matter of law. *Id.*

Indiana Code section 31–17–5–1 provides that a child's grandparent may seek visitation rights if:

(1) the child's parent is deceased;

(2) the marriage of the child's parents has been dissolved in Indiana; or

(3) subject to subsection (b), the child was born out of wedlock.

Indiana Code section 31–17–5–9 governs the effect of adoption on grandparent visitation rights, providing as follows:

Visitation rights provided for in section 1 or 10 of this chapter survive the adoption of the child by any of the following:

(1) A stepparent.

(2) A person who is biologically related to the child as:

(A) a grandparent;

(B) a sibling;

(C) an aunt;

(D) an uncle;

(E) a niece; or

---

**2.** *See Troxel v. Granville,* 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000).

(F) a nephew.

Grandparents concede that Gaunt is not a step-parent or biological relative of J.G., but contend that the purpose and intent of the Grandparent Visitation Statute would be thwarted if they are denied a continuing relationship with J.G.[3] The Grandparent Visitation Statute was enacted to strengthen familial bonds and promote inter-generational contact when the nuclear family has been dissolved. *Collard*, 718 N.E.2d at 1159. Nevertheless, "[t]he only circumstances in which a grandparent may seek visitation rights are those enumerated in the Act." *Sightes v. Barker*, 684 N.E.2d 224, 226 (Ind.Ct.App.1997).

▮ Regrettably, despite uncontroverted evidence that the Schenkels have enjoyed a long-standing inter-generational relationship with J.G., they are afforded no substantive right under Indiana Code section 31–17–5–9 to post-adoption visitation with J.G. The Grandparent Visitation Statute was enacted in derogation of the common law, creating rights which had not previously existed. Where a statute creates rights in derogation of the common law, the statute must be strictly construed. *In re J.P.H.*, 709 N.E.2d at 47. Inasmuch as Gaunt, the adoptive parent of J.G., is not a step-parent or a biological relative specified in Indiana Code section 31–17–5–9, the visitation rights awarded the Schenkels during Gaunt's guardianship of J.G. do not survive his adoption of J.G. The practical effect of the foregoing statute, in its present form, is that an individual who has elected to forego the sanctity of marriage but for all intents and purposes assumed the role of step-parent and relied upon the *in loco parentis* relationship to obtain guardianship, is treated as an adoptive parent who is a stranger to the extended family, although he has long assumed a role within it. We are compelled to observe that the inequitable result is in stark contrast to the objective and purpose of the Indiana Grandparent Visitation Statute, the strengthening of familial, inter-generational bonds.

### Conclusion

The Schenkels lack a substantive right to enforce the claim being made; thus, the trial court correctly found that the Schenkels lack standing to obtain post-adoption visitation rights.

Affirmed.

KIRSCH, J., and BROOK, J., concur.

---

**3.** "Step-parent" is not specifically defined in the Indiana Grandparent Visitation Statutes. Indiana's criminal code includes a definition of "step-parent" which we find instructive, as follows: "an individual who is married to a child's custodial or noncustodial parent and is not the child's adoptive parent." IND.CODE § 35–42–4–7.