**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT *PRO SE*:

**ROBERT PEACHER**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT PEACHER, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1110-SC-1027 |
| | ) | |
| DENNIS DAVIS, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Stephen Clase, Magistrate
Cause No. 48D05-1103-SC-1444

**October 18, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Plaintiff Robert Peacher appeals from the small claims court's order dismissing his action against Appellee-Defendant Dennis Davis. We affirm.

**FACTS AND PROCEDURAL HISTORY**

Peacher was transferred to Pendleton Correctional Facility on January 7, 2011. Department of Correction ("DOC") Property Officer Davis provided Peacher with an inventory of his property and a notice of confiscated property. Peacher was given the personal property which Officer Davis determined Peacher was permitted to have in his cell pursuant to DOC policy 02-01-101.

On January 31, 2011, Peacher filed a Notice of Tort Claim alleging that Officer Davis maliciously and deliberately lost or destroyed certain items of Peacher's property, including legal papers, a lock, a wrist brace, and a knee brace.[1] On or about March 29, 2011, Peacher filed a small claims action against Officer Davis. The Notice of Small Claim which was provided to Officer Davis included Peacher's claim that he suffered a loss due to Officer Davis's alleged "malicious and deliberate loss and destruction" of Peacher's legal papers, lock, wrist brace, and knee brace. Appellant's App. p. 5. Peacher valued the legal papers at $870.00, the lock at $10.22, the wrist brace at $30.00, and the knee brace at $17.00.

On August 17, 2011, Officer Davis filed a motion to dismiss and memorandum in support claiming that Officer Davis was immune from liability for Peacher's claims because to the extent he committed the alleged acts, he did so within the scope of his employment as a

---

[1] These items were not included on the list of confiscated items provided to Peacher by Officer Davis.

2

DOC officer. The small claims court conducted a hearing on Officer Davis's motion after which it dismissed Peacher's complaint. This appeal follows.

## DISCUSSION AND DECISION

Peacher contends that the small claims court erroneously granted Officer Davis's motion to dismiss which was filed pursuant to Indiana Trial Rule 12(B)(6). In challenging the small claims court's dismissal of his claim against Officer Davis, Peacher effectively asserts that dismissal was erroneous because he asserted a set of facts that, if determined to be true, would entitle him to the requested relief. For his part, Officer Davis claims that the small claims court properly dismissed Peacher's claim because he committed the alleged acts in the scope of his duty as a prison official, and, as such, is immune from liability for Peacher's claim.

### A. Standard of Review

> A motion to dismiss under Ind. Trial Rule 12(B)(6) tests the legal sufficiency of the claim, not the facts which support it. *Collard v. Enyeart*, 718 N.E.2d 1156, 1158-59 (Ind. Ct. App. 1999), *trans. denied* (2000). Review of a dismissal under Trial Rule 12(B)(6) is de novo, and thus deference is not required with regard to the trial court's decision. *Id*. On review, we determine whether the complaint states any allegation upon which relief can be granted. *Id*. We evaluate the complaint in the light most favorable to the plaintiff with every inference in his favor. *Runde v. Vigus Realty, Inc.*, 617 N.E.2d 572, 575 (Ind. Ct. App. 1993). A complaint cannot be dismissed under 12(B)(6) unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *Collard*, 718 N.E.2d at 1158-59.

*Schulz v. State*, 731 N.E.2d 1041, 1043-44 (Ind. Ct. App. 2000), *trans. denied*.

### B. Whether Davis was Subject to Governmental Immunity

With respect to governmental immunity, Indiana Code section 34-13-3-3 (2010)

3

provides, in relevant part, as follows:

> A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from the following:
> …
> (8) The adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment.

"'The party seeking immunity bears the burden of establishing its conduct comes within the Act.'" *King v. N.E. Sec., Inc.*, 790 N.E.2d 474, 480 (Ind. 2003) (quoting *Mullin v. Mun. City of South Bend*, 639 N.E.2d 278, 281 (Ind. 1994)).

Peacher filed a tort claim notice alleging that Officer Davis maliciously and deliberately lost or destroyed certain items of Peacher's property including legal papers, a lock, a wrist brace, and a knee brace. In the tort claim notice, Peacher alleged that Officer Davis lost or destroyed this property in violation of the DOC policy, and as such, could not be said to have been acting within the scope of his employment. However, even assuming that Officer Davis did commit the alleged acts in violation of DOC policy, Officer Davis still committed the alleged acts within the scope of his employment as a DOC property officer. *See generally Warner Trucking, Inc. v. Carolina Cas. Ins. Co.*, 686 N.E.2d 102, 105 (Ind. 1997) (providing that an employee is not acting outside the scope of his employment merely because he violates a company rule and that the critical inquiry is not whether an employee violates an employer's rule, but rather whether the employee is acting in the service of the employer).

In the instant matter, Peacher alleges only that Officer Davis acted in violation of DOC policy, and has failed to allege that Officer Davis committed the alleged acts or had any

4

contact with Peacher or Peacher's property outside of the scope of his employment as a DOC property officer.  As such, we conclude that Officer Davis was acting within the scope of his employment at the time he committed the acts alleged by Peacher.  Accordingly, we conclude that the small claims court properly dismissed Peacher's complaint against Officer Davis.

The judgment of the small claims court is affirmed.

ROBB, C.J., and BAKER, J., concur.