**Barbara DAWSON, Appellant–Plaintiff,**

**v.**

**ESTATE OF Michael OTT, Deceased, Kay Ott, Personal Representative, Appellee–Defendant.**

**No. 35A02–0304–CV–347.**

Court of Appeals of Indiana.

Oct. 8, 2003.

David W. Stone IV, Stone Law Office & Legal Research, Anderson, IN, Donald H. Leslie, Marion, IN, Attorneys for Appellant.

Benton W. O'Bryan, O'Bryan, Brazill and Drics, Indianapolis, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Barbara Dawson (formerly "Barbara Ott") appeals the trial court's order which granted the Estate of Michael Ott ("the Estate") a set-off of the proceeds payable to Dawson, as beneficiary of the decedent's life insurance policy, against Dawson's lien on the decedent's real estate. Dawson raises the following issues for review:

1. Whether the Estate's argument that Dawson waived any interest in life insurance proceeds is barred by the doctrine of res judicata.

2. Whether the trial court had jurisdiction over the life insurance proceeds it used as a set-off against the amount the Estate owed on the real estate lien.

We reverse.

### FACTS AND PROCEDURAL HISTORY

Dawson and Ott were married in 1973 and divorced in 1997. On December 19, 1997, Dawson and Ott entered into a Property Settlement Agreement ("settlement agreement") in which they agreed, in part, that Ott would receive title to the couple's real estate and that Dawson would receive one-half of the equity, valued at $50,000. The parties further agreed that Ott would pay Dawson a lump sum of $5,000 toward her share of the equity and that Dawson would retain a lien against the property in the amount of $45,000. Ott was to pay Dawson $536 per month until the lien amount was paid in full. In the event of Ott's death, the full balance of the lien would become due.

The settlement agreement also contained the following relevant provisions:

5. *GENERAL COVENANTS AND REPRESENTATIONS*

(a) HUSBAND and WIFE hereby represent and warrant to each other and to the Court that there has been a full disclosure of assets and debts and that the property referred to in this agreement represents all of the property of any kind or character, wheresoever located, real, personal, intangible or mixed,

which either of them have any interest in or right to, whether legal or equitable.

* * *

9. *TERMINATION OF MUTUAL RIGHTS*

In consideration of all of the promises contained herein, HUSBAND and WIFE each hereby release all claims and rights which said HUSBAND and WIFE ever had or have or might have hereafter against the other, by reason of such relationship, as HUSBAND and WIFE, or otherwise, except only claims and rights of each party created and outstanding against the other pursuant to the terms of this agreement, or the [D]ecree of Dissolution of Marriage granted by the Court, it being the intent hereof that each party accept the provisions of this agreement in full release of settlement and satisfaction of any and all claims and rights against the other. The provisions of this agreement shall inure to the benefit and be binding upon the heirs, executors, administrators and personal representatives of the parties. The parties hereto agree that any time after the entry of the Decree of Dissolution of Marriage, they will execute and deliver to the other any and all deeds, bills of sale, assignments, titles and other documents which the other may require for the giving of full force and effect to the provisions of this agreement.

On December 31, 1997, the trial court issued its Decree of Dissolution in which it approved the parties' settlement agreement and dissolved the marriage.

Ott died, and on April 12, 2001, his Estate was opened. Kay Ott ("Personal Representative"), the decedent's wife at the time of his death, was appointed as Personal Representative. In July 2001, the Personal Representative filed a Petition for Instruction which informed the court that the Estate was "frustrated by the continued refusal by Metropolitan Life Insurance Company a/k/a/ MetLife[,] to disclose to [it] the particulars as to a certain life insurance policy[,] the owner of which was [the decedent] at the time of his death and the extent to which the insurance policy relates to or is impacted by the property division in the aforementioned divorce between the decedent and his then spouse." In its petition, the Estate requested that the trial court issue an order directing Metropolitan Life Insurance Company ("MetLife") to produce, in part, a copy of all policies in which the decedent is an owner, beneficiary, or trustee. In August 2001, the trial court issued that order.

In November 2001, MetLife filed an interpleader action in the United States District Court for the Northern District of Indiana under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, requesting that the district court determine who was properly entitled to the proceeds of the decedent's employer-issued life insurance policy in which Dawson was named as beneficiary. MetLife named Dawson, the Estate, and Kay Ott in her individual capacity, as interpleader defendants. The court dismissed MetLife after it had deposited the $18,000 in policy proceeds with the clerk. The court also dismissed Kay Ott, in her individual capacity. Dawson then filed a motion for summary judgment against the Estate and argued that she was entitled to the proceeds of the life insurance policy because she was the named beneficiary at the time of death. In April 2002, the district court determined that Dawson was entitled to the proceeds as a matter of law, granted her

motion, and entered judgment. *Metropolitan Life Ins. Co. v. Dawson, et al.,* Civil No. 1:01cv357 (N.D. Ind. April 10, 2002).

Thereafter, in May 2002, the Personal Representative filed another Petition for Instruction with the trial court requesting, in part, that the court apply the life insurance proceeds payable to Dawson as a set-off against the balance of the unpaid real estate lien. In support, the Personal Representative claimed that Dawson had failed to reveal her interest in the life insurance policy during the divorce proceedings and that, under the terms of the settlement agreement, she had waived any claim to the proceeds. Dawson filed a response in which she alleged that any issue regarding entitlement to the life insurance proceeds was res judicata and, in the alternative, that she did not waive her interest in the decedent's life insurance proceeds because, at the time she entered into the settlement agreement, she did not have a property interest but had only a mere expectancy in those proceeds.

In June 2002, the Personal Representative filed a "Petition to Withdraw her Motion for Instructions and In Lieu Thereof Petitions the Court to Reopen Cause No. 35C01–9705–DR–00237," in which the Estate asked the court to reopen the parties' dissolution action and, again, to apply the policy proceeds to the outstanding balance owed on the real estate lien. Following the submission of written briefs and two hearings, the trial court entered the following order in the Chronological Case Summary ("CCS") in the probate action:

> Comes now the Court and makes the following ruling. The Court now rules that the divorce proceeding of December 31, 1997 settled all claims between the parties and the total on qualified disclaimer given by Barbara Dawson based on the representations of the Property Settlement Agreement, to-wit: property settlement granted Barbara Dawson, properties, cash, and a Forty–Five Thousand Dollar ($45,000.00) equity lien on the real estate. The Court now grants the petitions by the Personal Representative of the supervised estate of Michael K. Ott and now grants the estate a credit against the unpaid balance of that lien. Judgment on the findings. Notice ordered.[1]

Dawson filed a Motion to Correct Error, which the trial court denied. This appeal ensued.[2]

## DISCUSSION AND DECISION

Dawson asserts that the trial court erred as a matter of law when it applied

---

1. Nothing in the record indicates that the court ruled on the Estate's request to reopen the dissolution action. On appeal, neither party claims that the court reopened the dissolution, and the court's order was entered in the probate proceedings. To the extent that the Estate was alleging fraud on Dawson's part and sought modification of the decree entered in that case, the Estate should have filed a motion under Indiana Code Section 31–15–2–17(c) under the dissolution cause number.

2. In her Notice of Appeal, Dawson contends that she is appealing from a final order under Indiana Appellate Rule 5. While the Personal Representative indicated at the August 2002 hearing that the Estate could be closed following the court's ruling on its petition, our review of the record reveals that the trial court did not close the Estate when it issued its December 17, 2002 order granting the Personal Representative's petition for a set-off against the amount owed on the real estate lien. Thus, contrary to Dawson's contention, the order from which she appeals did not dispose of all claims as to all parties and was not a final judgment. *See* Ind.App. R. 2(H). Rather, Dawson's appeal is an interlocutory appeal of right from an order for the payment of money under Indiana Appellate Rule 14(a)(1). Thus, we have jurisdiction over Dawson's appeal on that basis.

the life insurance proceeds as a set-off against the outstanding balance she was owed on the real estate lien. The Estate responds that the set-off was proper because the court correctly determined that the settlement agreement "settled all claims between the parties" and Dawson had waived any interest in the life insurance proceeds. The parties agree that the issues presented are pure questions of law, which we review de novo. *See Young v. Indiana Dept. of Natural Res.,* 789 N.E.2d 550, 554 (Ind.Ct.App.2003) (stating where motion to correct error involves question of law, we review de novo and owe no deference to trial court) (citing *State v. Rans,* 739 N.E.2d 164, 165 (Ind.Ct.App. 2000), *trans. denied* ); *Wayne Metal Prod. Co. v. Indiana Dept. of Envtl. Mgmt.,* 721 N.E.2d 316, 317 (Ind.Ct.App.1999) (stating we review questions of law under de novo standard), *trans. denied.*

### I. Res Judicata

In response to Dawson's contention that the set-off was improper as a matter of law, the Estate asserts that the court correctly determined that Dawson waived any interest in the decedent's life insurance proceeds because: (1) the policy was not disclosed during negotiation of the settlement agreement in 1997; and (2) provisions in the settlement agreement support the conclusion that Dawson released the decedent and the Estate from any and all claims she may have regarding the proceeds. Dawson's response to the Estate's waiver argument is that the United States District Court held she was entitled to the policy proceeds as a matter of law and, thus, that issue is barred by the claim preclusion component of the doctrine of res judicata.[3] We agree with Dawson.

Res judicata serves to prevent repetitious litigation of disputes which are essentially the same. *Wagle v. Henry,* 679 N.E.2d 1002, 1005 (Ind.Ct.App.1997). The doctrine of res judicata consists of two distinct components, claim preclusion and issue preclusion. *Collard v. Enyeart,* 718 N.E.2d 1156, 1161 (Ind.Ct.App.1999), *trans. denied.* Claim preclusion is applicable when a final judgment on the merits has been rendered and acts to bar a subsequent action on the same claim between the same parties. *Id.* When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. *Id.* Claim preclusion applies when the following four factors are present: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies. *Id.*

The United States District Court for the Northern District of Indiana had jurisdiction over MetLife's ERISA interpleader action, and that court entered summary judgment on the merits of the dispute between Dawson and the Estate over her entitlement to the proceeds of the decedent's life insurance policy. In addition, our review of the record shows that the Estate answered Dawson's cross-claim in federal court, in relevant part, as follows:

4. Interpleader defendant the Estate of Michael K. Ott, deceased, by and through its Personal Representative, denied rhetorical paragraph 4 since interpleader defendant Barbara Dawson cannot claim any rightful property rights or

---

3. We express no opinion on the district's court's summary judgment order. If the Es- tate disagreed with that court's decision, it should have appealed.

entitlement in and to the proceeds since she failed to disclose the existence of the policy to the Circuit Court of Huntington County in the divorce proceeding under cause number 35D01–9705–DR–00237 as required by law and should not be now allowed to profit from her perjurious statements to the Court prior to its final decree of December 31, 1997.

In the district's court's summary judgment order, however, it noted that the Estate had "apparently abandoned its claim, as set forth in its answer to cross-claim, that Dawson cannot claim the proceeds as a result of failing to disclose the existence of the policy during the divorce proceedings." The Estate then raised that same argument when it petitioned the trial court for instruction and added its contention that Dawson had waived any claim to the proceeds based on release provisions in the settlement agreement. Thus, we agree with Dawson that the Estate could have raised its waiver argument in the district court proceeding.[4] Because all four factors for the application of claim preclusion exist here, we conclude that the Estate's claim that Dawson waived any interest in the proceeds is barred by the doctrine of res judicata.

■ Further, as we stated in *Indiana Pub. Interest Research Group v. City of Bloomington*, 501 N.E.2d 476, 478 (Ind.Ct. App.1986), *trans. denied,* "It is a basic rule that where a judgment or decree of a federal court determines a right under a federal statute, that decision is 'final until reversed in an appellate court or modified or set aside in the court of its rendition.'" (Citations omitted). Additionally, "state courts have generally accepted the rule that they must give full faith and credit to the proceedings of federal courts", and "[s]tate courts are 'destitute of all power' to interfere with the decisions or proceedings of federal courts." *Id.* (citations omitted). As our supreme court explained in *Indiana Dept. of Envtl. Mgmt. v. Conard*, 614 N.E.2d 916, 922 (Ind.1993):

> A collateral attack on a judgment is an attack made in a proceeding that has an independent purpose other than to impeach or overturn the judgment, although impeaching or overturning the judgment may be necessary to the success of the action. 46 Am.Jur.2d Judgments § 631 (1969); *see also State ex rel. Lacy v. Marion Probate Court*, [243 Ind. 30, 35–36, 182 N.E.2d 416, 418 (1962) ] (defined as attack on judgment outside legally prescribed procedure for judicial review, which attempts to deny its validity, and may necessitate relief from judgment).

"[A]ctions in state courts that attempt to undermine federal court decisions amount to impermissible collateral attacks." *Indiana Pub. Interest Research Group*, 501 N.E.2d at 479.

■ Here, the Estate acknowledges the district court's summary judgment order in its brief, and it represented to the trial court that it was not directly attacking that judgment. Nevertheless, the Estate's petition seeking a set-off is an attempt not only to obtain relief from the district court's judgment but to obtain a different outcome, namely, a determination that Dawson is not entitled to the life insurance policy proceeds. Accordingly, the Estate's petition for instruction, and the trial court's order granting that petition, vitiated the district court's judgment. We conclude that the Estate's contention that

---

4. We, like Dawson, question the Estate's contention that she somehow concealed the life insurance policy during the settlement negotiations in 1997. As Dawson points out, she was merely named as the beneficiary of the decedent's policy. The Estate's contention that Dawson committed perjury by failing to disclose the existence of the policy is dubious.

Dawson waived any interest in or right to the proceeds is a challenge to the finality of the district court's order and constitutes an impermissible collateral attack on that judgment.

## II. Jurisdiction of Trial Court Over Policy Proceeds

■ After the district court had determined that Dawson was entitled to the life insurance policy proceeds, the trial court nevertheless ordered that those proceeds be applied as a set-off against the balance the Estate owed to Dawson on the real estate lien under the terms of the settlement agreement. Dawson presents persuasive arguments in support of her contention that the court erred as a matter of law when it used the policy proceeds as a set-off against the lien. For example, Dawson points out that "[m]utuality is essential to the validity of a set-off," *Proctor v. Cole*, 104 Ind. 373, 3 N.E. 106, 110 (1885), and that neither the decedent nor the Estate had a valid claim against Dawson which would allow for the set-off under these circumstances. Still, we need not address Dawson's substantive legal arguments regarding the set-off because the dispositive question is whether the trial court had jurisdiction to take any action or issue any order regarding the life insurance proceeds.

■ The probate code provides that one of the personal representative's duties is to prepare a verified inventory of the decedent's property and that all property shall be classified therein into one of seven categories. Ind.Code § 29–1–12–1(a)(1)–(7). Subsection (a)(6) of that statute includes "insurance policies *if payable to the estate of the decedent or to his personal representative*[.]" (Emphasis added). Here, neither party has included a copy of the inventory filed by the Personal Representative and, thus, we do not know wheth-er the life insurance policy was included in that inventory. Regardless, it is undisputed that the death benefit under the policy was payable to Dawson, not to the Estate or the Personal Representative. Thus, the policy is not a probate asset under Indiana Code Section 29–1–12–1(a)(6). *See also In re Estate of Whitehead*, 718 N.E.2d 1207, 1211 (Ind.Ct.App.1999) (stating federal district court, in related matter, properly determined under Indiana law that life insurance proceeds payable to beneficiary do not pass through will or intestate succession and are not probate assets).

■ In addition, Dawson did not file a claim against the estate seeking to enforce the decedent's life insurance contract under Indiana Code Section 29–1–14–1. In fact, any attempt to do so would have been futile because the term "claim," as used under Indiana Code Section 29–1–14–1, refers to "a debt or demand of a pecuniary nature which could have been enforced against the decedent in his lifetime and could have been reduced to a simple money judgment." *Estate of Whitehead*, 718 N.E.2d at 1211 (quotations and citations omitted). Dawson, as the named beneficiary under the decedent's life insurance policy, had only an expectancy in the policy proceeds while the decedent was alive and, thus, could not have enforced the policy during his lifetime. *See id.; see also Wolf v. Wolf*, 147 Ind.App. 246, 259 N.E.2d 96, 98 (1970) (holding ex-wife named as beneficiary to decedent's life insurance policy had "mere expectancy or possibility" in proceeds during decedent's life, which ripened into vested right upon decedent's death). In sum, because the life insurance proceeds were payable to Dawson, not the Estate or the Personal Representative, they were not a probate asset, and the trial court lacked jurisdiction over the proceeds.

## CONCLUSION

We hold, on two independent grounds, that the trial court erred when it set-off the life insurance proceeds against the balance owed to Dawson on the real estate lien. First, the trial court's order was an impermissible collateral attack on the judgment of the United States District Court for the Northern District of Indiana. Second, the court lacked jurisdiction over the life insurance proceeds, which were not an asset of the decedent's estate.

Reversed.

ROBB, J., and MATHIAS, J., concur.