Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 13 2013, 5:42 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANTS PRO SE:

**TIMOTHY W. MACKALL**
**STEPHANIE K. MACKALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**RONALD W. BUCHMEIER**
**JEFFREY E. RAMSEY**
Hopper Blackwell, PC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| TIMOTHY W. MACKALL, and STEPHANIE K. MACKALL, ) ) ) | |
| Appellants/Defendants, ) | |
| vs. ) | No. 49A02-1304-CC-290 |
| ) | |
| CATHEDRAL TRUSTEES, INC. d/b/a CATHEDRAL HIGH SCHOOL, ) ) ) | |
| Appellee/Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Jr., Judge
Cause No. 49D05-0807-CC-29352

**November 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

After years of litigation stemming from their failure to pay their children's high-school tuition, Timothy and Stephanie Mackall (collectively, "the Mackalls"), pro se, appeal the trial court's order that they pay $47,510.70 in attorneys' fees and costs for post-judgment work performed by attorneys for Cathedral High School ("Cathedral"). The Mackalls claim that the trial court lacked jurisdiction to rule in this matter and the award of attorneys' fees was improper. We conclude that the Mackalls' jurisdictional claim is barred by res judicata and the award of attorneys' fees was proper. We affirm.

**Facts and Procedural History**

This appeal is the latest chapter in an ongoing dispute between these parties. The dispute began in 2007, when the Mackalls enrolled their two children at Cathedral. The Mackalls executed a Tuition Agreement, in which they agreed to pay $9675 in tuition for each child for the 2007-2008 school year. The Mackalls did not pay according to the terms of the agreement and owed Cathedral $19,245 at the end of the school year.

Cathedral filed suit against the Mackalls in July 2008 for their failure to pay tuition. The Mackalls argued that they had agreed to a different payment plan and Cathedral had produced inaccurate transcripts. The Mackalls sought to recover more than $75,000 from Cathedral on those claims.

At a bench trial, Cathedral presented evidence of the contract between the parties and the amounts owed. The Mackalls did not present any evidence or testimony. The trial court entered judgment in Cathedral's favor and found the Mackalls' claims to be meritless. The Mackalls did not appeal the trial court's judgment.

In July 2010, Cathedral initiated proceedings supplemental to execute on the judgment. A short time later, the Mackalls attempted to remove the suit to the United States District Court for the Southern District of Indiana. The Mackalls filed a notice of removal with the district court, requesting that the matter be consolidated with a federal lawsuit filed against them by Cathedral and others. The Mackalls also sent a letter to the trial-court clerk noting that they had filed the notice of removal with the district court. They did not, however, file the notice of removal with the trial court.[1]

In early 2011, the district court entered an order on the Mackalls' notice of removal. The district court found that the Mackalls' "purported removal" was "invalid and of no effect," explaining that "the removal of an action to federal court is to be processed as a new civil action and the effort undertaken here, apart from its palpable substantive deficiencies, was improper." Appellants' App. p. 107-09.

Cathedral filed a copy of the district court's order rejecting the Mackalls' removal attempt. In March 2011, the trial court entered an order directing Stephanie Mackall's employer to begin garnishing her wages to satisfy the judgment. The Mackalls appealed the garnishment order, challenging, among other things, the trial court's jurisdiction. Another panel of this Court affirmed the trial court's order, concluding that the trial court had jurisdiction to enforce its judgment through proceedings supplemental and the garnishment order. *See Mackall v. Cathedral Trs., Inc.*, No. 49A02-1104-CC-281 (Ind.

---

[1] Although the Mackalls claim that they filed the notice of removal in person in September 2010, the docket does not reflect any such filing and the Mackalls offer no proof of the filing.

Ct. App. Aug. 4, 2011), *trans. denied*.  The Mackalls went on to file numerous motions

and initiated two more appeals.  Those appeals were dismissed by this Court.[2]

In February 2012, Cathedral filed a Trial Rule 59 motion to correct error seeking

to amend the 2009 judgment for the limited purpose of recovering post-judgment

attorneys' fees and costs.  The Mackalls filed a response, arguing that the trial court

lacked jurisdiction to hear the motion because the matter had been removed to federal

court.  The trial court rejected the removal argument and awarded Cathedral $47,510.70

in post-judgment attorneys' fees and costs.  The Mackalls filed a motion to correct error,

which was denied.  They now appeal.

### Discussion and Decision

On appeal, the Mackalls challenge the trial court's jurisdiction to award post-

judgment attorneys' fees and costs.  They also argue that the court erred by awarding

attorneys' fees.

### I.  Jurisdiction

The Mackalls first argue that the trial court lacked jurisdiction to award post-

judgment attorneys' fees and costs because the matter had been removed to federal court.

We disagree.

The United States District Court for the Southern District of Indiana ruled that the

Mackalls' attempted removal was invalid.  Thus, the matter was never actually removed

to federal court, and removal could not have divested the trial court of jurisdiction.

---

[2] One appeal was dismissed because it was untimely, the other because the order appealed was not a final, appealable order.

4

Moreover, res judicata bars the Mackalls from re-litigating the issue of jurisdiction. Res judicata serves to prevent repetitious litigation of disputes that are essentially the same. *Hilliard v. Jacobs*, 957 N.E.2d 1043, 1046 (Ind. Ct. App. 2011) (citing *MicroVote Gen. Corp. v. Ind. Election Comm'n*, 924 N.E.2d 184, 191 (Ind. Ct. App. 2010)), *trans. denied.* The doctrine of res judicata has two distinct components: claim preclusion and issue preclusion. *Id.* (citing *Dawson v. Estate of Ott*, 796 N.E.2d 1190, 1195 (Ind. Ct. App. 2003)). Claim preclusion applies when a final judgment on the merits has been rendered in a prior action, and it acts to bar a subsequent action on the same claim between the same parties. *Id.* (citing *MicroVote*, 924 N.E.2d at 191). Claim preclusion applies when the following four factors are satisfied:

> 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Id.* Here, all four factors are satisfied. The former judgment—the final judgment and accompanying garnishment order—were entered by a court of competent jurisdiction and rendered on the merits.[3] And the jurisdictional argument now raised by the Mackalls could have been determined in the prior action: the Mackalls wrote a letter to the trial-court clerk saying that the matter had been removed to federal court more than five months before the trial court entered its judgment. Finally, all parties involved in that controversy remain the same.

---

[3] *See Mackall*, No. 49A02-1104-CC-281 (confirming the trial court's jurisdiction).

The same reasoning applies to the district court's order on the Mackalls' removal attempt. The district court, a court of competent jurisdiction, ruled that the Mackalls' attempt to remove the matter was invalid. All the same parties participated in that action.

We conclude that the Mackalls' jurisdictional claim is barred by res judicata.[4]

## II. Post-Judgment Attorneys' Fees

The Mackalls also argue that the trial court erred by awarding attorneys' fees to Cathedral. They argue that Cathedral's request for attorneys' fees was untimely under Trial Rule 59(C) and Cathedral waived its right to attorneys' fees. They also contend that the attorneys' fees were improperly awarded to a non-lawyer.

The original judgment in this case was entered in 2009. Since then, the Mackalls have filed three appeals—this being the fourth—and many post-judgment motions. In 2012, Cathedral requested post-judgment attorneys' fees and costs incurred for enforcing and defending the judgment and responding to the Mackalls' appeals.

In *R.L. Turner Corp. v. Town of Brownsburg*, our Supreme Court noted that "when a prevailing party files a petition for attorneys' fees after the time limits in Indiana Trial Rules 59(C) or 60(B) have passed, the losing party sometimes tries to shoehorn that petition into one of these Rules so he can denounce it as being untimely." 963 N.E.2d 453, 460 (Ind. 2012). That is what the Mackalls do here; they claim Cathedral's request

---

[4] Issue preclusion would also bar the Mackalls' jurisdictional claim. Issue preclusion bars subsequent litigation of a fact or issue that was necessarily adjudicated in a former suit if the same fact or issue is presented in a later lawsuit. *Musgrave v. Squaw Creek Coal Co.*, 964 N.E.2d 891, 899 (Ind. Ct. App. 2012) (citation omitted), *trans. denied*. Where issue preclusion applies, the former adjudication will be conclusive in the later action even if the two actions are different claims. *Id.* However, the former adjudication will only be conclusive as to those issues that were actually litigated and determined therein. *Id.* Here, the issue of jurisdiction was actually litigated and determined by the trial court and this Court in the Mackalls' previous appeal.

for attorneys' fees was untimely under Trial Rule 59(C). *See* Appellants' Br. p. 44-45. While Cathedral captioned its request for attorneys' fees as a motion to correct error under Trial Rule 59, it was, in substance, a petition for attorneys' fees—Cathedral was not challenging the merits of the 2009 judgment. And the Court in *R.L. Turner Corp.* explained that a petition for attorneys' fees:

> does not disturb the merits of an earlier judgment or order, so it does not implicate Indiana Trial Rules 59(C) or 60(D). As such, *none of those respective time limits govern a petition for attorneys' fees*. Instead, trial courts must use their discretion to prevent unfairness to parties facing petitions for fees. A request for attorneys' fees almost by definition is not ripe for consideration until after the main event reaches an end. Entertaining such petitions post-judgment is virtually the norm.

963 N.E.2d at 460 (emphasis added). The Mackalls' argument that Cathedral's request for attorneys' fees was untimely under Trial Rule 59(C) fails.

We acknowledge the fact that Cathedral's request for attorneys' fees came years after the 2009 judgment in its favor. But Cathedral did not seek attorneys' fees for work performed at the 2009 trial; rather, Cathedral sought attorneys' fees for enforcing the judgment and defending it after years of fruitless litigation initiated by the Mackalls. And Cathedral's motion for attorneys' fees could not have been entirely unexpected; the contract for tuition allowed for recovery of attorneys' fees in the event of litigation. Moreover, the Mackalls had notice of and an opportunity to defend against Cathedral's motion. For these reasons, though Cathedral's request for attorneys' fees came years after the judgment in its favor, we cannot say that the delay was unfair to the Mackalls.

The Mackalls also contend that Cathedral waived its right to attorneys' fees. They claim that because Cathedral did not seek payment of attorneys' fees and costs associated

with the trial, Cathedral voluntarily relinquished its right to post-judgment attorneys' fees. But there is no case law that supports the Mackalls' assertion that the ability to recover attorneys' fees for work performed post-judgment is somehow contingent upon whether trial attorneys' fees were sought. Waiver requires the intentional relinquishment of a known right; it necessitates both knowledge of the existence of the right and the intention to relinquish it. *See City of Crown Point v. Misty Woods Props., LLC*, 864 N.E.2d 1069, 1079 (Ind. Ct. App. 2007). Cathedral has not waived its right to post-judgment attorneys' fees.

Finally, the Mackalls claim that the award of attorneys' fees was improper because fees were paid for work performed by an attorney, Ronald W. Buchmeier, who was removed as the attorney of record in this case. Operating under this premise, the Mackalls accuse the trial court of sanctioning the unauthorized practice of law. But the record shows that Buchmeier has always been attorney of record in this case; he was not removed nor did he withdraw. There is no error here.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.