## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 25 2018, 9:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Antwoin Richmond
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Antwoin Richmond, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Keith Butts, <br> *Appellee-Respondent* | September 25, 2018 <br><br> Court of Appeals Case No. 18A-MI-366 <br><br> Appeal from the Henry Circuit Court <br><br> The Honorable Kit C. Dean Crane, Judge <br><br> Trial Court Cause No. 33C02-1710-MI-129 |

**Altice, Judge.**

**Case Summary**

Since the revocation of his parole, Antwoin Richmond has filed several pro se petitions for writ of habeas corpus. The trial court denied his most recent habeas petition on grounds of res judicata. On appeal, Richmond, pro se, delineates seven issues that can be consolidated into one. Did the trial court err in denying his habeas petition?

We affirm.

## Facts & Procedural History

In December 2007, Richmond pled guilty to Class A felony child molesting and was sentenced to twenty years. Richmond was released on parole in February 2013. His parole was revoked in May 2016,[1] and he was ordered to serve the remainder of his fixed term. In May 2017, Richmond was denied release to parole.

On October 24, 2016, Richmond, pro se, filed a petition for writ of habeas corpus asserting that the Indiana Department of Correction did not properly award him good-time credit. On January 10, 2017, the trial court granted the State's motion for summary judgment, concluding that contrary to Richmond's claim, his earned good-time credit did not reduce his fixed term but was to be applied in determining his eligibility for parole. Richmond filed a second

---

[1] In April 2016, Richmond submitted a urine sample, which authorities determined had been adulterated or diluted by Richmond. This set into motion a series of events that culminated in the revocation of Richmond's parole.

habeas petition on March 6, 2017, again raising the issue of credit time but also adding a claim that he was deprived of due process. On May 16, 2017, the trial court granted summary judgment in favor of the State concluding that Richmond's claim was barred on the basis of res judicata given the prior entry of summary judgment on Richmond's first habeas petition. Richmond appealed, and in a memorandum decision, this court affirmed the entry of summary judgment in favor of the State. *Richmond v. State*, 33A01-1707-MI-1537, slip op. at 6 (Ind. Ct. App. Dec. 12, 2017). The court determined that the second habeas petition was "essentially the same dispute, between the same parties, repackaged to include a due process argument." *Id.* Further, we stated that "even were we to conclude that the claims in each petition are in fact different, Richmond could have and should have raised his due process argument in his first habeas corpus petition." *Id.*

[5] On July 10, 2017, Richmond filed a pro se petition for post-conviction relief (PCR Petition), which he amended on July 18, 2017. In this petition, Richmond challenged the procedures used in revoking his parole and in later denying his release to parole, arguing that they did not comply with due process. Specifically, Richmond argued that (1) the proper procedures related to procuring his urine sample were not followed, (2) the evidence was insufficient to support the revocation/denial of his parole, (3) he was not provided with the statutory criteria prior to his parole release hearing, (4) the parole board did not consider the statutory factors for denying his release to parole, and (5) neither the trial court nor his defense counsel informed him of

the consequences of his plea agreement. The State filed a motion for summary disposition as to claims (1) through (4), which the trial court granted on October 25, 2017.[2]

[6] Richmond filed the instant habeas petition—his third—on October 16, 2017, while his PCR Petition was still pending. Richmond again challenged the revocation of his parole on due process grounds. He specifically argued that "the process utilized in creating his parole violation report and the evidence included in the report were invalid and in violation of his due process." *Appellee's Appendix Vol. 2* at 2. On November 29, 2017, the State filed its response to the habeas petition as well as a motion to dismiss pursuant to Ind. Trial Rule 12(B)(6). The State argued, among other things, that Richmond's habeas petition was barred by the doctrine of res judicata. On December 18, 2017, the trial court granted the State's motion to dismiss and denied Richmond's habeas petition. Richmond filed a motion for relief from judgment, which the trial court denied. This appeal ensued. Additional facts will be provided as needed.

## Discussion & Decision

---

[2] On October 24, 2017, Richmond submitted a motion to withdraw his petition for post-conviction relief. The trial court received the motion on November 13, 2017, and, although the court had already entered summary disposition on the PCR Petition, the trial court granted Richmond's motion to withdraw the PCR Petition without prejudice.

[7]     A T.R. 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, rather than the facts supporting it. *Babes Showclub, Jaba, Inc. v. Lair*, 918 N.E.2d 308, 310 (Ind. 2009). We review a trial court's grant of such a motion de novo, viewing the pleadings in the light most favorable to the nonmoving party and construing every reasonable inference in the nonmovant's favor. *Id*. T.R. 12 provides that if a trial court considering a motion under T.R. 12(B)(6) is presented with matters outside the pleadings and not excluded by the court, the motion to dismiss shall be treated as one for summary judgment. Review of a trial court's ruling on a motion for summary judgment is de novo. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). As for the denial of Richmond's motion for relief from judgment, because the trial court ruled on a paper record without conducting an evidentiary hearing, the standard of review on appeal is de novo. *Williams v. Tharp*, 934 N.E.2d 1203, 1215 (Ind. Ct. App. 2010).

[8]     This appeal is Richmond's third bite at the apple. Summary judgment was granted in favor of the State on both of his prior habeas petitions, the first one based on the merits and the second based on the doctrine of res judicata given the outcome with the first habeas petition. As with his second habeas petition, res judicata precludes relief under the instant petition.

[9]     "Res judicata serves to prevent litigation of disputes which are essentially the same. The doctrine of res judicata consists of two distinct components, claim preclusion and issue preclusion." *Dawson v. Estate of Ott*, 796 N.E.2d 1190, 1195 (Ind. Ct. App. 2003) (citation omitted).

> Claim preclusion is applicable when a final judgment on the merits has been rendered and acts to bar a subsequent action on the same claim between the same parties. When claim preclusion applies, all matters that were *or might have been litigated* are deemed conclusively decided by the judgment in the prior action. Claim preclusion applies when the following four factors are present: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, *or could have been*, determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies.

*Id*. (emphases added) (citations omitted).

[10] The judgment rendered on Richmond's first habeas petition was rendered by a court of competent jurisdiction and on the merits. Richmond's second habeas petition presented "essentially the same dispute, between the same parties, repackaged to include a due process argument." *Richmond*, slip op. at 2. This court held that even if the claims in the first and second habeas petitions were in fact different, Richmond "could have and should have raised his due process argument in his first habeas corpus petition." *Id*. Thus, it was determined that the second habeas petition was precluded under the doctrine of res judicata.

[11] In the instant habeas petition, Richmond argues that "the process utilized in creating his parole violation report and the evidence included in the report were invalid and in violation of his due process." *Appellee's Appendix Vol. 2* at 2. These arguments were known and available to Richmond when he filed his first

habeas petition and could have been determined at that time. This type of repetitive litigation is explicitly precluded under the doctrine of res judicata.

[12] Judgment affirmed.

Brown, J. and Tavitas, J., concur.