## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 26 2018, 5:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANTS PRO SE

Michael Francis
Carmen Francis
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

John W. Woodard, Jr.
Jordan M. White
Wyatt, Tarrant & Combs, LLP
Louisville, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Francis and Carmen Francis,

*Appellants-Plaintiffs,*

v.

Fannie Mae, Fannie Mae as Trustee for Securitized Trust Fannie Mae Guaranteed Remic Pass-Through Certifications 1995-16 Trust, JPMorgan Chase Bank, N.A., EMC Mortgage, LLC f/k/a EMC Mortgage Corporation, EMC Mortgage Corporation, Homesales, LLC, et. al.,

*Appellees-Defendants.*

November 26, 2018

Court of Appeals Case No. 18A-CT-8

Appeal from the Marion Superior Court

The Honorable Gary L. Miller, Judge

Trial Court Cause No. 49D03-1708-CT-31921

**Mathias, Judge.**

[1] Michael and Carmen Francis ("the Francises") appeal the Marion Superior Court's dismissal of their complaint against Fannie Mae, Fannie Mae as Trustee, EMC Mortgage LLC, JP Morgan Chase Bank N.A. and Homesales, LLC (collectively "the Defendants"). Concluding that the Francises are barred from relitigating claims raised in a prior action under the doctrine of *res judicata*, we affirm the dismissal of their complaint.

## Facts and Procedural History

[2] The Francises previously owned residential property in Marion County, subject to a real estate mortgage held by Accubanc ("the Property"). The facts underlying the disposition of the Property were related in a prior appeal:

> On October 26, 1994, the Francises owned the property at 4904 North Winston Drive in Indianapolis and executed, in Accubanc's favor, the Note (in the amount of $113,200.00) and the Mortgage, granting Accubanc a security interest in the Property. Pursuant to the terms of the Note, the maturity date, on which all outstanding amounts became due and payable, was November 1, 2001. The Mortgage was recorded in the Marion County Recorder's Office on November 1, 1994. Accubanc later assigned the Note to Bank United of Texas, FSB, and, on February 1, 1997, also assigned the Mortgage to Bank United. Washington Mutual Bank, FA, successor by merger to Bank United, assigned the Loan Documents to EMC Mortgage Corporation on December 22, 2003. On August 13, 2013, in response to the Francises' claims that the Mortgage had been assigned to the Federal National Mortgage Association ("FNMA"), FNMA quit-claim assigned any interest it may have had in the Mortgage to EMC Mortgage Corporation ("the 2013

Assignment"). At some point, EMC Mortgage Corporation was succeeded in merger by EMC, and the trial court granted EMC's motion to substitute plaintiff on September 15, 2015.

Meanwhile, the Francises had failed to pay the outstanding balance on the Note when it came due on November 1, 2001. On May 29, 2007, EMC Mortgage Corporation filed a complaint to foreclose on the Mortgage due to the Francises' failure to make payments pursuant to the Note. On September 17, 2007, the Francises filed their answer, affirmative defenses, and counterclaims. On April 9, 2012, EMC Mortgage Corporation filed a motion to strike or for partial summary judgment as to certain claims and a designation of evidence. On May 7, 2012, the Francises filed a praecipe for withdrawal pursuant to Indiana Trial Rule 53.1, and on May 25, 2012, the Indiana Supreme Court vested jurisdiction in Marion Superior Court Judge Timothy W. Oakes. On May 20, 2013, the trial court granted EMC Mortgage Corporation's partial summary judgment motion.

On October 23, 2013, EMC Mortgage Corporation moved for leave to amend its complaint, seeking to incorporate the 2013 Assignment, which motion the trial court granted. On May 28, 2015, EMC Mortgage Corporation filed a summary judgment motion on its complaint. On February 8, 2016, the trial court held a hearing on what was now EMC's summary judgment motion, at which EMC appeared through counsel and Carmen Jay Francis appeared in person. On February 17, 2016, the trial court granted EMC's summary judgment motion, entered *in rem* judgment against the Property in [] the sum of $248,709.74, ordered that the Property be sold to satisfy the judgment, and entered judgment in favor of EMC on all of the Francises' remaining counterclaims.

*Francis v. EMC Mortgage, LLC*, No. 49A02-1604-MF-830, slip op. at 1–2 (Ind. Ct. App. Apr. 19, 2017), *trans. denied*. The Property was sold, and a Sheriff's Deed was issued in February 2017.

[3] The Francises filed bankruptcy proceedings and initiated an adversary proceeding in the United States Bankruptcy Court for the Southern District of Indiana seeking almost $200,000 in damages from EMC Mortgage for an allegedly improper foreclosure. The Bankruptcy Court dismissed the adversary proceeding for lack of jurisdiction over a state foreclosure action. The Francises appealed the decision to the United States District Court for the Southern District of Indiana, and the bankruptcy court's decision was affirmed. Appellees' App. pp. 70–73.

[4] Thereafter, on August 18, 2017, the Francises filed a "Complaint for Lack of Standing to Foreclose, Fraud in the Concealment, Fraud in the Inducement, Unconscionable Contract, Breach of Contract, Breach of Fiduciary Duty, Quiet Title, Slander of Title, Temporary Restraining Order/Injunctive Relief and Jury Demand." Appellees' App. pp. 77–99. The Francises named as defendants Accubanc, Fannie Mae, EMC Mortgage (a former subsidiary of JP Morgan Chase Bank, N.A.), and Homesales, LLC. In the complaint, the Francises alleged that the Defendants had no right to foreclose on the real estate because the Defendants each failed "to perfect any security interest in the Real Property collateral, or cannot prove to the court they have a valid interest as a real party in interest to the underlying Mortgage." *Id*. at 86. On October 10, 2017, the

Francises moved to file an amended complaint; the trial court denied the motion on October 16, 2017.

[5] On October 30, 2017, the Defendants filed a motion to dismiss the Francises' complaint on grounds that the claims are barred under principles of *res judicata*. On October 31, 2017, the trial court granted the Defendants' motion to dismiss and ordered that each of the Defendants be dismissed from the action, with prejudice.

[6] On November 29, 2017, the Francises filed a motion to correct error claiming that the trial court erred in granting the motion to dismiss before the Francises could respond. The motion to correct error was denied on December 4, 2017. The Francises now appeal.

## Standard of Review

[7] The Francises appeal the trial court's dismissal of their complaint. We review de novo the trial court's ruling on a motion to dismiss under Indiana Trial Rule 12(B)(6). *Caesars Riverboat Casino, LLC v. Kephart*, 934 N.E.2d 1120, 1122 (Ind. 2010). "Such a motion tests the legal sufficiency of a claim, not the facts supporting it." *Id.* "Viewing the complaint in the light most favorable to the non-moving party, we must determine whether the complaint states any facts on which the trial court could have granted relief." *Id.* "If a complaint states a set of facts that, even if true, would not support the relief requested, we will affirm the dismissal." *McPeek v. McCardle*, 888 N.E.2d 171, 174 (Ind. 2008). We may affirm the grant of a motion to dismiss if it is sustainable on any theory. *Id.*

[8] The Francises have proceeded pro se throughout these proceedings. We therefore observe that a pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014).

## Discussion and Decision

[9] The Francises appeal the dismissal of their complaint and denial of their motion to correct error. They continue to argue that EMC Mortgage cannot be represented by counsel or participate in this action because the company is "defunct" and does not do business in Indiana. *See* Appellants' Br. at 44–45. And they continue to challenge Accubanc's assignment of their mortgage to another financial institution, which eventually resulted in assignment of the Francises' mortgage to EMC Mortgage.

[10] The Francises raised these claims in a prior appeal. *See Francis*, No. 49A02-1604-MF-830, slip op. at 1. In that case, we observed that a debtor may not challenge an assignment between an assignor and assignee. *Id*. at 2. We also held that

> a borrower does not have standing to challenge an allegedly invalid assignment of the right to collect the borrower's debt. Regardless of any assignments of the Note, the Francises' rights and duties remained the same. Even assuming, arguendo, that there is some conflict regarding who actually possesses the right to enforce the Loan Documents, that is between the various claimants to [] that right and does not involve the Francises. The Francises do not have standing to challenge an allegedly invalid assignment of the Loan Documents to EMC.

*Id*. at 3.

[11] In that appeal, the Francises also argued that "EMC could not enforce its rights pursuant to the Loan Documents because it is not authorized to conduct business in Indiana as either a foreign business or a collection agency." *Id*. However, "'securing or collecting debts or enforcing mortgages and security interests in property securing the debts'" does not constitute transacting business in the State of Indiana. *Id*. (quoting Ind. Code § 23-1-49-2(b)(8)). Therefore, we held that the "Francises have failed to establish that EMC cannot enforce its rights pursuant to the Loan Documents." *Id*.

[12] The doctrine of *res judicata* bars the Francises' latest attempt to raise these same arguments. *Res judicata* serves to prevent repetitious litigation of disputes that are essentially the same. *Hilliard v. Jacobs*, 957 N.E.2d 1043, 1046 (Ind. Ct. App. 2011) (citing *MicroVote General Corp. v. Ind. Election Comm'n*, 924 N.E.2d 184, 191 (Ind. Ct. App. 2010)), *trans. denied*. The doctrine of *res judicata* has two distinct components: claim preclusion and issue preclusion.[1] *Id*. (citing *Dawson v. Estate of Ott*, 796 N.E.2d 1190, 1195 (Ind. Ct. App. 2003)). "Claim preclusion applies where a final judgment on the merits has been rendered which acts as a complete bar to a subsequent action on the same issue or claim between those

---

[1] "Issue preclusion, also referred to as collateral estoppel, bars the subsequent relitigation of the same fact or issue where the fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent action." *Dev. Servs. Alternatives, Inc. v. Ind. Family & Soc. Servs. Admin.*, 915 N.E.2d 169, 179 (Ind. Ct. App. 2009) (quoting *In re Adoption of Baby W.,* 796 N.E.2d 364, 373 (Ind. Ct. App. 2003), *trans. denied)*, *trans. denied*.

parties and their privies." *Dev. Servs. Alternatives, Inc. v. Ind. Family & Soc. Servs. Admin.*, 915 N.E.2d 169, 179 (Ind. Ct. App. 2009) (quoting *In re Adoption of Baby W.,* 796 N.E.2d 364, 373 (Ind. Ct. App. 2003), *trans. denied)*, *trans. denied*.

> The following four requirements must be satisfied for claim preclusion to apply as a bar to a subsequent action: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 696 (Ind. Ct. App. 2013), *trans. denied*.

[13] The Francises' claims in these proceedings are all related to the 2016 judgment of foreclosure, a judgment rendered on the merits, which was issued in Marion Superior Court and involved the same parties. The judgment was affirmed on appeal, and in their current appellants' brief, the Francises are attempting to rehash the same arguments that our court addressed in that prior appeal. *See Francis*, No. 49A02-1604-MF-830, slip op. at 2–4. Therefore, claim preclusion applies, and the Francises are barred from relitigating the claims they raised in the trial court and in this appeal.

[14] Moreover, throughout their brief, the Francises make specious claims and fail to cite to the record or provide cogent reasoning in support of their claims.[2] *See e.g.* Appellants' Br. at 37 (stating that "[a]lleged counsels for defunct EMC Mortgage LLC, may have committed Fair Debt Collection Practice Act [] 15 U.S.C. §1692(e) violations against Francis that include a misleading and confusing description of the amount of the debt"); *id.* at 47 (claiming that "[t]he collection counsels may be in violation of the Indiana Criminal Code, Corrupt Business Influence statute IC 35-46-6-1"); *id.* at 48 (arguing that "[t]he Trial Court erred in allowing debt collection counsel to withhold exculpatory evidence documents repeatedly without the threat of being sanctioned").

[15] Indiana Appellate Rule 46(A)(8)(a) provides that the party's argument must "contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on[.]" The Francises' failure to comply with the foregoing waives their issues for appellate review. *See Dickes v. Feiger*, 981 N.E.2d 559, 562 (Ind. Ct. App. 2012); s*ee also Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) (clarifying that we will not become an advocate for a party and will not address

---

[2]The Francises also argue that the "trial court erred by prejudicing Francis'[s] right to file Appeals by not giving timely notice of Completion, discovered by Francis only by accident." Appellants' Br. at 49. Because they were able to appeal the judgment, we are unable to fathom how the Francises' right to appeal was "prejudiced."

arguments that are inappropriate, too poorly developed, or so improperly expressed that they cannot be understood).

[16] Finally, EMC argues that the Francises are vexatious litigants and should be sanctioned. Our courts may sanction abusive litigants because the state has a legitimate interest in the preservation of valuable judicial and administrative resources. *Zavodnik*, 17 N.E.3d at 264. Our supreme court has made clear that "[t]he courts of this state, after due consideration of an abusive litigant's entire history, may fashion and impose reasonable conditions and restrictions . . . on the litigant's ability to commence or continue actions in this state that are tailored to the litigant's particular abusive practices." *Id.* at 266. In *Zavodnik*, our supreme court listed certain restrictions courts may place on abusive litigants. *Id*. at 268–69. The court also observed that courts may award attorney fees to prevailing parties and assess damages and other sanctions to parties who engage in abusive tactics. *Id*. at 264–65.

[17] This appeal stems from the Francises' second attempt to challenge the foreclosure of their property in state court.[3] The Francises have also attempted to challenge the lender's right to foreclose on their property in bankruptcy proceedings in the United States District Court for the Southern District of Indiana.

---

[3] As we noted in footnote 2, the Francises also filed a separate appeal of the Marion Superior Court's dismissal of their most recent complaint against Defendant PNC Bank in *Francis, et al. v. Accubanc Mortgage Corporation*, No. 18A-CT-596.

The Francises initiated these proceedings after receiving a forensic accounting of their mortgage, and they believed that the accounting supported their claims that the trial court erred when it entered a judgment in favor of EMC Mortgage. See Appellees' App. pp. 77–99. For this reason, we decline to sanction the Francises. However, in the future, a trial court would be well within its discretion to impose sanctions on the Francises should they continue to challenge the valid foreclosure of their former real estate.

## Conclusion

Concluding that the Francises are barred from raising the claims they have raised in these proceedings under the doctrine of *res judicata*, we affirm the dismissal of their complaint.

Affirmed.

Bailey, J., and Bradford, J., concur.