## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 06 2020, 9:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Antwoin Richmond
New Castle, Indiana

ATTORNEYS FOR APPELLEES

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Antwoin Richmond,

*Appellant-Plaintiff,*

v.

Drew Adams, Melissa Pine, John Doe #1,

*Appellees-Defendants.*

March 6, 2020

Court of Appeals Case No. 19A-CT-2052

Appeal from the Marion Superior Court

The Honorable Patrick J. Dietrick, Judge

Trial Court Cause No. 49D12-1712-CT-46012

**Kirsch, Judge.**

[1] Antwoin Richmond ("Richmond") filed an amended complaint under 42 U.S.C. § 1983, alleging that parole officers Drew Adams, Melissa Pine, and

John Doe #1 ("Defendants") violated his right to due process because they failed to follow correct protocols when obtaining a urine sample from him. Richmond filed a motion for summary judgment, Defendants filed a cross-motion for summary judgment, and the trial court granted Defendants' cross motion for summary judgment. On appeal, Richmond raises one issue, which we restate as whether the trial court erred in granting Defendants' motion for summary judgment on grounds of res judicata.

We affirm.

## Facts and Procedural History

In December 2007, Richmond pleaded guilty to class A felony child molesting, and the trial court imposed a twenty-year sentence. *Richmond v. State*, No. 33A01-1707-MI-1537, 2017 WL 6329656, at *1 (Ind. Ct. App. Dec. 12, 2017) ("*Richmond I*"). Richmond was released to parole on February 14, 2014, but his parole was revoked because he failed a urine test and admitted that he had violated the terms of his parole by possessing a controlled substance. *Appellant's App. Vol. II* at 12-14. Therefore, Richmond was returned to the Indiana Department of Correction ("DOC") to serve the remainder of his sentence. *Appellees' App. Vol. II* at 14.

On October 24, 2016, Richmond, filed his first of five post-judgment motions, four petitions for writ of habeas corpus and one petition for post-conviction relief. In his first two petitions for writ of habeas corpus, Richmond alleged that he was not properly granted good time credit. The trial court granted the

State's motions for summary judgment in both cases. Richmond appealed the denial of his second petition, and we affirmed the trial court, finding Richmond's claim was barred by the doctrine of res judicata because Richmond could have raised his claim in his first petition for writ of habeas corpus. *Richmond v. Butts*, No. 18A-MI-366, 2018 WL 4659566, at *1, 3 (Ind. Ct. App. Sept. 25, 2018) ("*Richmond II*").

[5] In July of 2017, Richmond filed a petition for post-conviction relief, claiming that parole officers had not followed DOC protocols for the urine test that Richmond had earlier failed, which was one factor for the revocation of his parole.[1] While his petition for post-conviction relief was pending, Richmond filed his third petition for writ of habeas corpus, once again citing the same alleged irregularities regarding his urine sample and contending that these irregularities denied his right to due process. *Id.* at *2. The trial court dismissed Richmond's petition, finding it was barred by the doctrine of res judicata. *Id.* We affirmed the trial court, stating, "These arguments were known and available to Richmond when he filed his first habeas petition and could have been determined at that time. This type of repetitive litigation is explicitly precluded under the doctrine of res judicata." *Id.*\*3.

---

[1] On October 24, 2017, Richmond submitted a motion to withdraw his petition for post-conviction relief. Although the trial court had already entered summary judgment against Richmond's petition, it granted Richmond's motion to withdraw the petition without prejudice. *Richmond II*, 2018 WL 4659566 at *1 n.2.

[6] In the instant case, on December 14, 2017, Richmond filed a verified complaint, alleging that Defendants violated his rights under 42 U.S.C. § 1983, yet again citing the same alleged irregularities in the collection, testing, and disposal of his urine sample. *Appellees' App. Vol. II* at 97-103. Richmond later sought leave to amend his verified complaint, but the trial court did not rule on the request to amend and instead granted the State's motion to dismiss the verified complaint. Richmond appealed, and we reversed and remanded, holding that the trial court erred by not allowing Richmond to amend his complaint. *Richmond v. Adams*, No. 18A-CT-833, 2018 WL 6055666, at *2-3 (Ind. Ct. App. Nov. 20, 2018) ("*Richmond III*"). On remand, Richmond filed his amended complaint, once again claiming Defendants did not follow DOC protocols regarding his urine sample, which, he again contended, violated his right to due process. *Appellees' App. Vol. II* at 120-24. Richmond requested $250,000 in damages and $500,000 in punitive damages from each defendant. *Id*. at 124.

[7] Richmond filed a motion for summary judgment, and Defendants filed a cross-motion for summary judgment. *Appellant's App. Vol. II* at 9, 40. In their cross-motion for summary judgment, Defendants argued, in part, that Richmond's claim was barred by the doctrine of res judicata because Richmond raised this same claim in his previous petition for writ of habeas corpus. *Id*. at 47-49. The State observed that the trial court had denied the previous habeas petition on grounds of res judicata and that this court affirmed that ruling in *Richmond II*.

*Id.* at 47-48. The trial court granted Defendants' motion for summary judgment, ruling, in part:

> [Richmond's] claims are barred by the doctrine of res judicata. Specifically, the Henry Circuit Court 2, in cause number 33C02-1710-MI-129, ruled on this issue when it denied [Richmond's] Verified Petition for Writ of Habeas Corpus Relief. This decision was affirmed by the Indiana Court of Appeals in cause number 18A-MI-366.

*Appellant's App. Vol. II* at 14. Richmond now appeals.

# Discussion and Decision

[8] "The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law." *Bd. of Sch. Comm'rs of City of Indianapolis v. Pettigrew*, 851 N.E.2d 326, 330 (Ind. Ct. App. 2006), *trans. denied*. We review a summary judgment ruling de novo, applying the same standard as the trial court: drawing all reasonable inferences in favor of the non-moving parties, summary judgment is appropriate if the designated evidence shows no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). A fact is material if its resolution would affect the outcome of the case, and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences. *Id.* The initial burden is on the movant to demonstrate the absence of any genuine issue of fact; if the movant meets that burden, the burden shifts to the non-movant to present contrary

evidence that demonstrates an issue for the trier of fact. *Id.* A summary judgment ruling is a decision on the merits that bars an action for res judicata purposes. *Foshee v. Shoney's, Inc.*, 637 N.E.2d 1277, 1280 (Ind. 1994); *Poulard v. Lauth*, 793 N.E.2d 1120, 1123 (Ind. Ct. App. 2003).

[9] Richmond is no stranger to the doctrine of res judicata, which prevents repetitious litigation of disputes that are essentially the same. *Higgason v. Lemmon*, 818 N.E.2d 500, 502 (Ind. Ct. App. 2004), *trans. denied*. Res judicata consists of two components, claim preclusion and issue preclusion. *Id.* Claim preclusion applies when a final judgment on the merits has been rendered and acts to bar subsequent actions on the same claim between the same parties. *Dawson v. Estate of Ott*, 796 N.E.2d 1190, 1195 (Ind. Ct. App. 2003). Claim preclusion applies when: "(1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, *or could have been*, determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies." *Id.* (emphasis added).

[10] Here, Richmond's due process arguments regarding the collection of his urine sample is the same issue he raised in his prior petition for writ of habeas corpus. *See Richmond II*, 2018 WL 4659566 at *2; *Appellees' App. Vol. II* at 2, 4-6, 10. As we stated in *Richmond II*, "These arguments were known and available to Richmond when he filed his first habeas petition and could have been determined at that time." *Richmond II*, 2018 WL 4659566 at *3. Moreover, the entry of summary judgment against Richmond's identical claim in *Richmond II*

was an adjudication on the merits for purposes of res judicata. *See Foshee*, 637 N.E.2d at 1280; *Dawson*, 796 N.E.2d at 1195. Richmond's serial litigation of the same issue is explicitly precluded by the doctrine of res judicata. Accordingly, the trial court did not err in granting Defendants' motion for summary judgment.

[11] Affirmed.

Bailey, J., and Mathias, J., concur.